# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON, | CASE NO. 1:08-CV-00640-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION BE DENIED |
| v. | |
| JOHN DOVEY, et al., | |
| Defendants. | (Doc. 5) |

Plaintiff Garrison S. Johnson (hereinafter "plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 8, 2008. (Doc. 1). On November 3, 2008, plaintiff filed a motion seeking a temporary restraining order and preliminary injunction. Plaintiff seeks a court order mandating that Director of California Department of Corrections and Rehabilitation (hereinafter "C..D.C.R.") John Dovey and the State of California reform the C.D.C.R. implement the proposals set forth in the June 2004 report of the Corrections Independent Review Panel entitled "Reforming Corrections" (hereinafter "Reforming Corrections Report").[1]

The Court has not yet screened plaintiff's complaint and defendants have not yet appeared in this action. 28 U.S.C. § 1915A. In light of the self-reported urgency of plaintiff's motions, and

---

[1] Plaintiff has requested that the Court take judicial notice of the Reforming Corrections Report. Judicial notice is limited to facts not subject to reasonable dispute inthat it is generally known or is capable of accurate and ready determination by reference to sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201.

1

because there is no prejudice to defendants in light of the recommendation that follows, the Court shall address plaintiff's motion without requiring their response.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972). "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

In this instance, Plaintiff's claims against Defendants arise from an incident of alleged excessive force on March 17, 2007 and the denial of medical care immediately afterwards.[2] (Doc. 5, Motion, p.2). In his complaint Plaintiff also alleges that in 2006, upon learning of plaintiff's litigation activities, prison guards threatened and harassed him in retaliation. (Id.). Plaintiff further

---

[2] The court has not yet screened plaintiff's complaint. Plaintiff provides this summary of the allegations contained in his complaint in his instant motion for injunctive relief and the Court relies on plaintiff's motion materials in resolving plaintiff's request for injunctive relief.

alleges that defendants are aware of the practice of using excessive force and are ignoring the problem. Plaintiff contends that he is now in immediate danger of being harmed again for exercising his legal right to file lawsuits. (Id., at p.11). Plaintiff has requested that the Court issue an order mandating the implementation of the reforms set forth in the Reforming Corrections Report, aimed at eliminating the code of silence amongst prison officials, the use of excessive force, the inadequate investigations into inmate appeals concerning misconduct by officials, and the denial of medical care. (Id., at pp.10-11).

In this instance, the events giving rise to the claims in this action occurred between 2006 and 2007. An allegation that defendants are failing to protect him from a perceived future harm is not being litigated in this action, and the preliminary injunction sought by plaintiff would not remedy the claims in this action. The court therefore has no jurisdiction to issue the order sought.

Even assuming for the sake of argument that plaintiff's motion was properly brought in this action, plaintiff has not met his burden as the moving party. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A *mandatory* preliminary injunction, such as that sought by plaintiff in the instant motions, "is subject to heightened scrutiny and should not be issued unless the facts and the law clearly favor the moving party." Dahl v. Hem Pharmaceuticals Corp., 7 F.3d 1399, 1403 (9th Cir. 1993). As the moving party, it is plaintiff who bears the burden, and the burden does not shift to defendants unless and until plaintiff's burden has been met.

Plaintiff must demonstrate immediate threatened harm as a prerequisite to preliminary injunctive relief; a risk of irreparable harm in the indefinite future is not enough. Midgett v. Tri-County Metro. Transp. Dist. of Oregon, 254 F3d 846, 850-851 (9th Cir. 2001); Caribbean Marine Services Co., Inc. v. Baldrige, 844 F. 2d 668 (9th Cir. 1988). Further, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief...if unaccompanied by any continuing, present adverse effects." City of Los Angeles v. Lyons, 461 US 95, 102; 103 S.Ct. 1660, 1665 (1983) (internal quotations omitted). Plaintiff has submitted his own declaration as well as those of other inmates alleging past incidents of excessive force by prison

1 officials. (Doc. 6, Declaration of Garrison Johnson, Exh. F).  However, this evidence does not persuasively demonstrate a sufficiently real and immediate threat to Plaintiff that he will be wronged again, that would warrant the injunctive relief sought here.  The risk of harm in the indefinite future is not sufficient to warrant a temporary restraining order or preliminary injunctive relief.

Based on the foregoing, it is HEREBY RECOMMENDED that plaintiff's motion for a temporary restraining order and preliminary injunctive relief, filed November 3, 2008, be denied on the grounds that the court lacks jurisdiction in this action to issue the order sought, and that plaintiff has not met his burden as the moving party.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 15, 2008**              **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE