# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON, | CASE NO. 1:08-cv-00640-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS |
| v. | |
| JOHN DOVEY, et al., | (Docs. 1, 17) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.  Findings and Recommendations**

Plaintiff Garrison S. Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on May 8, 2008. (Doc. 1.) On February 3, 2009, the Court issued an order requiring Plaintiff to either file an amended complaint or notify the court of willingness to proceed only on claims found to be cognizable. (Doc. 13.) On February 24, 2009, Plaintiff notified the Court that he did not wish to file an amended complaint, but was unwilling to proceed only on claims found to be cognizable and wished to file objections. (Doc. 17.) Based on Plaintiff's filing, the Court issues the following Findings and Recommendations.

**A.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**B.      Summary of Plaintiff's Complaint**

Plaintiff is currently a state prisoner at Kern Valley State Prison in Delano, California. Plaintiff was formerly imprisoned at the California Correctional Institution ("CCI") in Tehachapi, California, where the acts he complains of occurred. Plaintiff names the following defendants: John Dovey, Director of California Department of Corrections ("CDCR"); W. J. Sullivan, CDW at CCI; F. Gonzalez, CDW at CCI; M. Carrasco, AW at CCI; D. Zanchi, Captain; L. Magallanes, lieutenant; Correctional Officers ("C/O") A. Dunnahoe, V. Ybarra, G. Ybarra, S. Cunningham, R. Curliss, B. Medrano, J. Gonzales, A. Holguin, J. Velasquez, and K. Cannon; and K. Powell, registered nurse. (Doc. 1, pp. 5-6, ¶¶ 5-21(a).)

Plaintiff alleges the following. Plaintiff had filed a lawsuit in 1995 that led to the abolishment of CDCR's practice of using racial segregation in double man cells. Plaintiff was

transferred from Corcoran State Prison to CCI in January of 2006. The CCI guards discovered Plaintiff's role in the 1995 lawsuit. On March 17, 2007, defendant Dunnahoe removed Plaintiff from his cell while Plaintiff was handcuffed. Dunnahoe then slammed Plaintiff into the ground without provocation. Defendant V. Ybarra then began striking Plaintiff with her baton. Defendants Cunningham and Medrano emptied their pepper spray canisters into Plaintiff's face and eyes. Defendant Holguin pushed Plaintiff's head twice into the wall. (Doc. 1, p. 9, ¶¶ 28-31.)

After Plaintiff was placed in a holding cell, Holguin ordered Plaintiff to put his cuffed hands through the foodport in order to remove the handcuffs. Holguin then squeezed the handcuffs extremely tight around Plaintiff's wrists and began bending the wrists. When Plaintiff cried out in pain, defendant Velasquez emptied his pepper spray canister into Plaintiff's eyes. Plaintiff suffered head trauma and pain, a swollen left eye, swollen wrists, and vision impairment. (Id., pp. 9-10, ¶¶ 32-34.)

After the incident, defendants Curliss and J. Gonzales ordered Plaintiff to strip naked and hosed the pepper spray from his eyes. Plaintiff was not permitted to shower the rest of his body for three days, leaving Plaintiff's entire body "on fire." Plaintiff informed defendant Powell that his hands were swollen from the too-tight cuffs and that his body was burning from the pepper spray. Powell failed to summon immediate medical care. (Id., pp. 10-11, ¶¶ 36-37.)

Defendants Dunnahoe, V. Ybarra, and G. Ybarra filed a false rule violation and crime incident report ("RVR") that claimed Plaintiff struck Dunnahoe in the chest and grabbed defendant Holguin's arm through the foodport. Plaintiff was placed in ad-seg for false charges of battery on peace officer. On April 4, 2007, defendant Cannon told other inmates that Plaintiff was the inmate who sued CDCR which required CDCR to racially integrate its double man cell housing of prisoners. (Id., pp. 11-12, ¶¶ 40-42.)

Plaintiff alleges violations of the First Amendment, Eighth Amendment, Equal Protection Clause, section 1985(3) conspiracy, and the pattern or practice provision of the Violent Crime Control and Law Enforcement Act of 1994. (Id., pp. 13-16, ¶¶ 47-63.) Plaintiff also alleges state

3

1 claims of failure to summon medical care, battery, professional negligence, negligent infliction of
2 emotional distress, fraud and negligent misrepresentation.  (Id., pp. 16-20, ¶¶ 64-80.)
3     Plaintiff seeks compensatory damages, punitive damages, injunctive relief, and demands
4 trial by jury.  (Id., pp. 20-21.)

    **D.**    **Plaintiff's Claims**

        **1.**    *Retaliation*

Plaintiff alleges that defendants retaliated against Plaintiff for filing a lawsuit by beating him and placing him in ad-seg for a false rules violation report.  (Doc. 1, pp. 12-13, ¶¶ 44-45.) Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

In the prison context, cases in this Circuit addressing First Amendment retaliation claims involve situations where the action taken by the defendant was clearly adverse to the plaintiff. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (retaliatory placement in administrative segregation for filing grievances); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (retaliatory validation as a gang member for filing grievances); Hines v. Gomez, 108 F.3d 265, 267(9th Cir. 1997) (retaliatory issuance of false rules violation and subsequent finding of guilt); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (retaliatory prison transfer and double-cell status in retaliation); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (inmate labeled

him a snitch and approached by other inmates and threatened with harm as a result); Rizzo v. Dawson, 778 F.2d 527, 530-32 (9th Cir. 1985) (retaliatory reassignment out of vocational class and transfer to a different prison).

Plaintiff alleges cognizable retaliation claims against defendants Dunnahoe, V. Ybarra, Cunningham, Medrano, Holguin, and Velasquez for use of excessive force in retaliation for Plaintiff's right to file a lawsuit. Plaintiff also alleges a cognizable retaliation claim against defendants Dunnahoe, V. Ybarra, and G. Ybarra for filing a false rules violation report in retaliation for Plaintiff's right to file a lawsuit.

Plaintiff fails to state a cognizable retaliation claim against defendant Cannon. Plaintiff alleges that Cannon told other inmates that Plaintiff was the inmate who forced the CDCR to racially integrate its double man cell housing. (Doc. 1, p. 12, ¶ 42.) This is not sufficient to allege an adverse action by Cannon.

Plaintiff also alleges that Dovey, Sullivan, F. Gonzalez, Carrasco, Zanchi, and Magallanes were aware of abuse by prison guards at CCI because Plaintiff filed a grievance on October 21, 2006. (Doc. 1, pp. 7, 9, ¶¶ 23, 27.) Plaintiff's allegations against Dovey, Sullivan, F. Gonzalez, Carrasco, Zanchi, and Magallanes appears solely based on their supervisorial role. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d

1040, 1045 (9th Cir. 1989). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted). Plaintiff's allegations against Dovey, Sullivan, F. Gonzalez, Carrasco, Zanchi, and Magallanes amount at most to a respondeat superior theory, which is insufficient to state a cognizable retaliation claim under section 1983.

### 2. *Eighth Amendment*

Plaintiff alleges a violation of the Eighth Amendment prohibiting cruel and unusual punishment. (Doc. 1, pp. 13-14, ¶ 49.)

#### (A) Excessive Force

Plaintiff alleges excessive force by defendants Dunnahoe, V. Ybarra, Holguin, Cunningham, Medrano, and Velasquez. (Doc. 1, p. 10, ¶ 35.) "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it

may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Based on the alleged facts, Plaintiff states cognizable excessive force claims against defendants Dunnahoe, V. Ybarra, Cunningham, Medrano, Holguin, and Velasquez.

### (B) Conditions of Confinement

Plaintiff alleges inhumane living conditions, which may state an Eighth Amendment claim. (Doc. 1, p. 10, ¶ 36.) To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to

establish liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Plaintiff alleges that defendants Curliss and J. Gonzales hosed the pepper spray from Plaintiff's eyes, but not Plaintiff's body. Plaintiff was not allowed to shower off the pepper spray for 3 days, during which Plaintiff's entire body was "on fire." Plaintiff alleges that he was left by defendants in inhumane living conditions. (Doc. 1, p. 10, ¶ 36.) The failure of prison officials to decontaminate an inmate following the use of pepper spray may support a claim for under section 1983 for deliberate indifference to the inmate's serious medical needs. Clement v. Gomez, 298 F.3d 898, 904-06 (9th Cir. 2002). Plaintiff has stated a cognizable Eighth Amendment claim against defendants Curliss and J. Gonzales.

Plaintiff also alleges deliberate indifference to serious medical needs by defendant K. Powell for failure to refer Plaintiff to a doctor for examination. Plaintiff alleges that he informed K. Powell that his wrists were swollen from being handcuffed tightly, and that his body and eyes were burning from pepper spray. (Doc. 1, p. 11, ¶¶ 37, 38.) To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure

of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). As stated previously, the failure of prison officials to decontaminate an inmate following the use of pepper spray may support a claim for under section 1983 for deliberate indifference to the inmate's serious medical needs. Clement v. Gomez, 298 F.3d 898, 904-06 (9th Cir. 2002).

Plaintiff's allegations are sufficient to state a cognizable Eighth Amendment claim against Powell for deliberate indifference to a serious medical need.

### 3. *Equal Protection*

Plaintiff alleges racial discrimination by the defendants. (Doc. 1, p. 14, ¶¶ 51-54.) The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1

(1972); <u>Squaw Valley Development Co. v. Goldberg</u>, 375 F.3d 936, 944 (9th Cir.2004); <u>SeaRiver Mar. Fin. Holdings, Inc. v. Mineta</u>, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. <u>Village of Willowbrook</u>, 528 U.S. at 564. If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." <u>Squaw Valley</u>, 375 F.3d at 944; <u>Freeman v. City of Santa Ana</u>, 68 F.3d 1180, 1187 (9th Cir.1995).

Plaintiff fails to allege any discrimination on the basis of a suspect or other classification. Plaintiff thus fails to state a cognizable Equal Protection claim.

### 4. *Section 1985(3) Conspiracy*

Plaintiff alleges that defendants conspired to violate Plaintiff's rights under section 1985(3). (Doc. 1, pp. 14-15, ¶¶ 55-58.) Section 1985 proscribes conspiracies to interfere with an individual's civil rights. To state a cause of action under section 1985(3), plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the United States. <u>Gillispie v. Civiletti</u>, 629 F.2d 637, 641 (9th Cir. 1980); <u>Giffin v. Breckenridge</u>, 403 U.S. 88, 102-03 (1971). Section 1985 applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions. <u>Sever v. Alaska Pulp Corp.</u>, 978 F.2d 1529, 1536 (9th Cir. 1992).

In interpreting these standards, the Ninth Circuit has held that a claim under § 1985 must allege specific facts to support the allegation that defendants conspired together. <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 626 (9th Cir. 1988). A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. <u>Id</u>.; <u>Sanchez v. City of Santa Anna</u>, 936 F.2d 1027, 1039 (9th Cir. 1991).

Plaintiff fails to allege specific facts in support of a conspiracy. Plaintiff further fails to

allege discrimination on the basis of race or other class. Plaintiff thus fails to state a cognizable section 1985 conspiracy claim.

### 5. *Violent Crime Control and Law Enforcement Act*

Plaintiff alleges a violation of the pattern and practice provision of the Violent Crime Control and Law Enforcement Act of 1994. (Doc. 1, pp. 15-16, ¶¶ 59-63.) Plaintiff erroneously cites to 42 U.S.C. § 1441. That section refers to a Congressional declaration regarding national housing policy, which is not relevant to the proceedings here. The correct citation is 42 U.S.C. § 14141. Subsection (a) states in relevant part:

> It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

42 U.S.C. § 14141(a). The provision clearly states that it applies to those governmental officers responsible for incarceration of juveniles. Plaintiff does not allege he is a juvenile, so this provision does not apply.

### 6. *State Law Claims*

Plaintiff alleges state law claims for failure to summon medical care, battery, professional negligence, negligent infliction of emotional distress, fraud and negligent misrepresentation. (Doc. 1, pp. 16-20.) Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America

v. Gibbs, 383 U.S. 715, 726 (1966).

**II.      Conclusion and Recommendation**

Plaintiff has stated cognizable claims against 1) defendants Dunnahoe, V. Ybarra, Cunningham, Medrano, Holguin, and Velasquez for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment; 2) defendant G. Ybarra for retaliation in violation of the First Amendment; and 3) defendants Curliss, J. Gonzales, and K. Powell for deliberate indifference to a serious medical need in violation of the Eighth Amendment.  Plaintiff fails to state any cognizable claims against defendants Dovey, Sullivan, F. Gonzalez, Carrasco, Zanchi, Magallanes, and Cannon.

"Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  Here, Plaintiff was provided the opportunity to amend his complaint to cure the deficiencies identified by the Court.  Plaintiff clearly indicated that he did not wish to amend.  Accordingly, the Court recommends that Plaintiff not be granted leave to amend.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.   This action proceed only on Plaintiff's claims against:

    a)   defendants Dunnahoe, V. Ybarra, Cunningham, Medrano, Holguin, and Velasquez for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment;

    b)   defendant G. Ybarra for retaliation in violation of the First Amendment;

    c)   defendants Curliss, J. Gonzales, and K. Powell for deliberate indifference to a serious medical need in violation of the Eighth Amendment; and

2.   Plaintiff's claims against defendants Dovey, Sullivan, F. Gonzalez, Carrasco, Zanchi, Magallanes, and Cannon be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file

written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

  Dated: **April 22, 2009**      /s/ **Dennis L. Beck**
                      UNITED STATES MAGISTRATE JUDGE