# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>DOVEY, et al.,<br><br>        Defendants.<br>                                            / | CASE NO. 1:08-cv-00640-LJO-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE DENIED<br><br>(Doc. 41)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 20 DAYS |

**Findings and Recommendations**

**I.    Background**

Plaintiff Garrison S. Johnson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed May 8, 2008, against Defendants G. Ybarra, Powell, Curliss, Velasquez, J. Gonzalez[1], S. Cunningham, Medrano, Holguin, A. Dunnahoe, and V. Ybarra. On November 6, 2009, Defendants G. Ybarra, Powell, Curliss, Velasquez, and J. Gonzalez filed a motion to dismiss pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b) for Plaintiff's failure to exhaust administrative remedies. (Doc. 41, Mot. To Dismiss.) On November 23, 2009, Plaintiff filed his opposition. (Doc. 44, Opp'n.) No reply was filed. The matter is submitted pursuant to Local Rule 230(l).

---

[1] Plaintiff spelled Defendant's name as "J. Gonzales" in his complaint. The Court will use Defendant's spelling in this Findings and Recommendations.

1

## II. Summary of Complaint

Plaintiff alleges the following. He was transferred from Corcoran State Prison to California Correctional Institution in January 2006. The defendant guards discovered Plaintiff's role in the 1995 lawsuit that led to the abolishment of CDCR's practice of using racial segregation in double man cells. On March 17, 2007, Defendant Dunnahoe removed Plaintiff from his cell while Plaintiff was handcuffed. Defendant Dunnahoe slammed Plaintiff into the ground without provocation. Defendant V. Ybarra began striking Plaintiff with her baton. Defendants Cunningham and Medrano emptied their pepper spray canisters into Plaintiff's face and eyes. Defendant Holguin pushed Plaintiff's head twice into the wall.

After Plaintiff was placed in a holding cell, Defendant Holguin ordered Plaintiff to put his cuffed hands through the foodport in order to remove the handcuffs. Defendant Holguin then squeezed the handcuffs extremely tight around Plaintiff's wrists and began bending the wrists. When Plaintiff cried out in pain, Defendant Velasquez emptied his pepper spray canister into Plaintiff's eyes. Plaintiff suffered head trauma and pain, a swollen left eye, swollen wrists, and vision impairment.

After the incident Defendants Curliss and J. Gonzalez ordered Plaintiff to strip naked and hosed the pepper spray from his eyes. Plaintiff was not permitted to shower the rest of his body for three days, leaving Plaintiff's entire body on fire. Plaintiff informed Defendant Powell that his hands were swollen from the too-tight cuffs and that his body was burning from the pepper spray. Defendant Powell failed to summon immediate medical care.

Defendants Dunnahoe, V. Ybarra, and G. Ybarra filed a false rule violation and crime incident report that claimed Plaintiff struck Defendant Dunnahoe in the chest and grabbed Defendant Holguin's arm through the foodport. Plaintiff was placed in administrative segregation for false charges of battery on a peace officer.

## III. Exhaustion Of Administrative Remedies

### A. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

1 confined in any jail, prison, or other correctional facility until such administrative remedies as are
2 available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available
3 administrative remedies prior to filing suit.  *Jones v. Bock*, 549 U.S. 199, 211, 127 S. Ct. 910,
4 918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is
5 required regardless of the relief sought by the prisoner and regardless of the relief offered by the
6 process, *Booth v. Churner*, 532 U.S. 731, 741, 121 S. Ct. 1819 (2001), and the exhaustion
7 requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516,
8 532, 122 S. Ct. 983 (2002).

9      Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative
10 defense under which Defendants have the burden of raising and proving the absence of
11 exhaustion.  *Jones*, 127 S. Ct. at 921; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).
12 The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to
13 an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  *Wyatt*, 315 F.3d
14 at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th
15 Cir. 1998) (per curiam)).  In deciding a motion to dismiss for failure to exhaust administrative
16 remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  *Wyatt*,
17 315 F.3d at 1119-20.  If the Court concludes that the prisoner has failed to exhaust administrative
18 remedies, the proper remedy is dismissal without prejudice.  *Id.*

19     **B.**    <u>**Discussion**</u>

20      The California Department of Corrections and Rehabilitation has an administrative
21 grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1 (2010).  The process
22 is initiated by submitting a CDC Form 602.  *Id.* § 3084.2(a).  Four levels of appeal are involved,
23 including the informal level, first formal level, second formal level, and third formal level, also
24 known as the "Director's Level."  *Id.* § 3084.5.  Appeals must be submitted within fifteen
25 working days of the event being appealed, and the process is initiated by submission of the
26 appeal to the informal level, or in some circumstances, the first formal level.  *Id.* §§ 3084.5,
27 3084.6(c).  In order to satisfy section 1997e(a), California state prisoners are required to use this
28 process to exhaust their claims prior to filing suit.  *Woodford v. Ngo*, 548 U.S. 81, 85-86, 126 S.

3

Ct. 2378 (2006); *McKinney*, 311 F.3d at 1199-1201.  Exhaustion does not *always* require pursuit of an appeal through the Director's Level of review.  What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal.  *See Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

      Defendants concede that Plaintiff filed inmate grievance No. CCI-07-00973 concerning the March 17, 2007 incident.  (Doc. 41, Mot. To Dismiss 7:27-6:3.)  Defendants do not contend that CCI-07-00973 was unexhausted, and a review of the supporting exhibits indicates that Plaintiff exhausted grievance No. CCI-07-00973 when he received the Director's level decision on October 2, 2007. (Exh. C, Grievance No. CCI-07-00973, court dkt. pp. 14-15.)  Defendants contend however that Plaintiff has not exhausted administrative remedies as to Defendants G. Ybarra, Powell, Curliss, Velasquez, and J. Gonzalez .  Defendants contend that Defendant Velasquez is mentioned only once in the opening sentence in a declaration by Plaintiff.  (Mot. To Dismiss 8:15-20.)  Defendants contend that Defendants G. Ybarra, Powell, Curliss, and J. Gonzalez are mentioned nowhere in the grievance.  (Mot. To Dismiss 9:1-5.)  Defendants contend that Plaintiff thus fails to exhaust administrative remedies against them.  (Mot. To Dismiss 9:1-9.)  In support of their contention, Defendants rely primarily on a declaration by N. Grannis, Chief of the Inmate Appeals Branch, the "Director's level" review. (Exh. A, N. Grannis Decl.)  N. Grannis attests that an inmate "must identify each individual against whom he raises a grievance, state each claim against each individual named in the appeal, and identify the relief requested." (Exh. A, N. Grannis Decl. ¶ 5.)  N. Grannis further attests that failure to do so would fail to exhaust administrative remedies.  (*Id.*)

      In opposition, Plaintiff contends that he does not have to name each Defendant specifically, relying on *Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir. 2005). (Doc. 44, Pl.'s Opp'n 3-4.)  Plaintiff contends that the Ninth Circuit held that the form used by the inmate to request an accommodation did not require the prisoner to identify any specific persons.  (Opp'n 4.)  Plaintiff contends that California's regulations regarding inmate grievances requires only that

4

the appellant use the 602 form to describe the problem and the action requested.  (Opp'n 4.)

All that is required by the PLRA is compliance with a prison's grievance procedure.  *See Jones v. Bock*, 549 U.S. 199, 218-19 (2007) ("The level of detail necessary in a grievance to comply with the grievances procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion . . . . [E]xhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances.").  The inmate appeal form CDC-602 does not require identification of specific individuals.  *See* Cal. Code Regs., tit. 15 § 3084.2(a).  Rather, it merely requires that the inmate "describe the problem and action requested."  *Id.*  "A grievance [] need not contain every fact necessary to prove each element of an eventual legal claim.  The primary purpose of a grievance is to alert the prison to a problem and facilitate its solution, not to lay groundwork for litigation."  *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (quotations and citations omitted).  Grannis's declaration contradicts controlling federal law, and this Court will not adopt Grannis's or Defendants' position in lieu of the controlling authority.  The controlling issue here is whether Plaintiff's grievance No. CCI-07-00973 provided sufficient notice such that the prison was alerted to the problem and the action requested.

Defendants attach grievance No. CCI-07-00973 as Exhibit C to their motion.  (Mot. To Dismiss, Exh. C, Grievance No. CCI-07-00973.)  In the grievance, Plaintiff complained that after he was pepper-sprayed by Defendant Holguin, he was:

> made to walk naked to SA building and get on his needs [sic] and face was hosed down.  Appellant was put in ad-seg without being allow a shower to wash peper spray from his body.  When appellant was examined by the medical staff he was incoherent and told the nurse his body was burning and he's in pain.  Appellant was not given any medical treatment or seen a doctor.  Also, appellant complained of injuries to his wrist of handcuff. (sic)

(Exh. C, Grievance No. CCI-07-00973, court dkt p. 7.)  Plaintiff describes the entire incident on March 17, 2007, including being assaulted, being pepper-sprayed, and not being allowed to decontaminate.  (Exh. C, pp. 4-7.)  Plaintiff complained that this was done by various correctional officers for the purpose of setting up Plaintiff on false charges of battering a correctional officer.  (Exh. C, p. 4.)

5

Plaintiff was not required to name Defendant Velasquez as one of the officers who allegedly pepper-sprayed him.  Plaintiff was not required to name the officers, Defendants Curliss and J. Gonzalez, who allegedly did not permit him to shower to wash off the pepper-spray.  Plaintiff was not required to name the nurse, Defendant Powell, who allegedly failed to give him immediate medical treatment.  Plaintiff was not required to name all the officers, including Defendant G. Ybarra, who allegedly set up Plaintiff for false charges of battery of a correctional officer.  The California Code of Regulations and the CDC 602 form required only that Plaintiff describe the problem and the action requested.  Plaintiff has clearly done so in this case.  Defendants' motion is without merit.

### III.     Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1) Defendants' motion to dismiss for failure to exhaust administrative remedies, filed November 6, 2009, is DENIED; and

2) Defendants G. Ybarra, Powell, Curliss, J. Gonzalez, and Velasquez are to file their answer to Plaintiff's complaint within twenty days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 14, 2010                        /s/ Dennis L. Beck
                                                        UNITED STATES MAGISTRATE JUDGE

6