# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>           Plaintiff,<br><br>    v.<br><br>DOVEY, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:08-cv-00640-LJO-DLB PC<br><br>ORDER DENYING MOTIONS FOR SUBPOENA DUCES TECUM<br><br>(Docs. 46, 49, 54)<br><br>ORDER REQUIRING DEFENDANTS TO RESPOND TO PLAINTIFF'S MOTION FOR SUBPOENA DUCES TECUM WITHIN TWENTY DAYS<br><br>(Doc. 50)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF SPECIAL MASTER AND EXPERT WITNESSES<br><br>(Doc. 53) |

### Order

Plaintiff Garrison S. Johnson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motions for subpoena duces tecum, filed November 23, 2009, December 7, 2009, and March 8, 2010. (Docs. 46, 49, 50, 54.) Also pending before the Court is Plaintiff's motion for appointment of special master and appointment of expert witnesses. (Doc. 53.) The Court will address each in turn.

**I.**     **November 23, 2009 Motion (Doc. 46)**

Plaintiff requests that the Court order Dr. Bouvaire, a former employee at California Correctional Institution ("CCI"), to produce an affidavit attesting to her witnessing retaliatory

1

actions by correctional officers against inmates.  (Doc. 46, Mot. 1-2.) A subpoena duces tecum cannot be used to order the production of an affidavit.  *See* Fed. R. Civ. P. 45 (subpoenas must "command each person to whom it is directed to do the following at a specific time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises").  Plaintiff's request that the court subpoena Dr. Bouvaire to produce an affidavit for Plaintiff is beyond the scope of a subpoena.  Plaintiff's request is thus denied.  This is not to say that Plaintiff is barred from communication with Dr. Bouvaire.  However, the Court will not require the United States Marshal to subpoena Dr. Bouvaire to produce an affidavit.  Accordingly, Plaintiff's motion is DENIED.

**II.     December 7, 2009 Motion (Doc. 49)**

Plaintiff requests that the Court issue a subpoena requiring Bob Sillen, the CDCR health care receiver, to produce a bi-monthly report of CDCR health care system from 2006 through 2009. (Doc. 49, Mot. 1-2.)  Plaintiff contends this is necessary because the reports will prove Plaintiff's claim that there is a culture of CDCR medical staff cooperating with CDCR custody staff in denying inmates medical treatment.  (*Id.*)

Pursuant to Federal Rule of Civil Procedure 34, governing production of documents, Plaintiff fails to identify with reasonable particularity the documents he is requesting. Furthermore, pursuant to Federal Rule of Civil Procedure 26, Plaintiff has failed to make a showing that the documents he seeks are reasonably related to lead to the discovery of admissible evidence.  It is unclear whether these documents exist, and what information they contain. Accordingly, Plaintiff's motion is DENIED.

**III.    December 7, 2009 Motion (Doc. 50)**

Plaintiff requests that the Court issue a subpoena requiring Matthew Cate, Secretary of CDCR, to produce duplicates of the five digital photographs that depict the injuries sustained by Defendant Holguin in the alleged altercation with Plaintiff. (Doc. 50, Mot. 1-2.)

The documents requested by Plaintiff are relevant for discovery purposes, as the five photographs depicting the injuries suffered by Defendant Holguin are reasonably related to lead

2

1 to the discovery of admissible evidence in this action.  While Secretary Cate is indirectly linked
2 to these photographs, presumably he or a prison official below him would have possession,
3 custody, or control over the photographs.  However, requiring Secretary Cate to produce these
4 photographs would be an inefficient use of federal court and state resources.  If Defendants are
5 willing to produce these photographs, then Plaintiff's request for a subpoena duces tecum would
6 be moot.

7       Accordingly, the Court HEREBY ORDERS Defendants to respond to Plaintiff's motion
8 for subpoena duces tecum, filed December 7, 2009, and docketed as court document 50.
9 Defendants have twenty days from the date of service of this order in which to file their response.

10 **IV.     March 8, 2010 Motion (Doc. 54)**

11       Plaintiff requests that the Court issue subpoenas to the Chief Agent for the Office of
12 Internal Affairs and the Inspector General for the State of California.  Plaintiff requests that both
13 individuals be commanded to produce: (1) any documents relating to inmates at CCI complaining
14 of excessive force, or beaten and pepper-sprayed between January 1, 2000 and December 31,
15 2008; (2) any documents regarding complaints by inmates about administrative segregation and
16 false charges of battery between January 1, 2000 and December 31, 2008; and (3) any documents
17 regarding investigations conducted concerning inmate complaint about being beaten, pepper-
18 sprayed, and placed in administrative segregation between January 1, 2000 and December 31,
19 2008.

20       As stated previously, Plaintiff is entitled to discovery that is not unreasonable, unduly
21 burdensome, or expensive, given the needs of the particular case.  Fed. R. Civ. P. 26(g).
22 Plaintiff's request in this instance are unduly burdensome and are not reasonably calculated to
23 lead to the discovery of admissible evidence.  Plaintiff is requesting the production of eight
24 years' worth of documents relating to excessive force claims, false charges of battery, and any
25 investigations done.  The Chief Agent and the Inspector General are not parties to this action, and
26 it would be unduly burdensome to require them to produce eight years of documents.  Plaintiff
27 has also failed to make a showing that these documents would be reasonably calculated to lead to
28 the discovery of admissible evidence.  Accordingly, Plaintiff's motion is DENIED.

## V. Motion For Appointment of Special Master and Expert Witness (Doc. 53)

On March 4, 2010, Plaintiff filed a motion for appointment of special master in this action, pursuant to Federal Rule of Civil Procedure 53. Plaintiff requests that the Court appoint John Hagar as special master, as he was the special master in *Madrid v. Gomez*, 889 F. Supp. 1146 (N. D. Cal. 1995), investigating excessive force at Pelican Bay State Prison. (Doc. 53, Mot. 1-2.) Plaintiff also requests the appointment of Charles Fenton, Steve Martin, and Vince Nathan as expert witnesses concerning prison management. (Mot. 2.)

Plaintiff has failed to make a showing that requires the appointment of a special master. Plaintiff has not demonstrated (1) that any parties have consented to the appointment of a special master, (2) that there is some exceptional condition, need for an accounting, or a difficult computation of damages, or (3) that there are pretrial or posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge in the district. Fed. R. Civ. P. 53(a). Accordingly, Plaintiff's motion for appointment of a special master is DENIED.

Plaintiff's request for expert witnesses concerning prison management is also denied. Federal Rule of Evidence 706 allows the Court to appoint expert witnesses on its own motion or on motion by a party. Fed. R. Evid. 706; *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). Pursuant to Federal Rule of Evidence 702, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

The function of an expert witness is to assist the trier of fact in understanding the evidence. At this early stage in the proceedings, it is unclear whether the appointment of an expert witness is necessary. Accordingly, Plaintiff's motion for appointment of an expert witness is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **May 14, 2010**     /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE