IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN DOVEY, et al.,<br><br>    Defendants.<br>_____/ | 1:08-cv-640 LJO-DLB (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(MOTION#64) |

    On May 24, 2010, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

    Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

1    In the present case, the court does not find the required exceptional circumstances. Even
2 if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations
3 which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with
4 similar cases almost daily. Based on a review of the record in this case, the court does not find
5 that plaintiff cannot adequately articulate his claims. *Id.*

6    Plaintiff also contends that appointment of counsel would allow Defendants to disclose
7 certain information that is essential to proving Plaintiff's case. Defendants objected to disclosure
8 of certain information during discovery, contending that it would jeopardize safety and security
9 of the prison, or is private information. Plaintiff appears to believe that appointment of counsel
10 would allow his counsel to receive this information while avoiding Defendants' objection. This
11 is not a sufficient reason for appointment of counsel.

12    For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY
13 DENIED, without prejudice.

14    IT IS SO ORDERED.

15    Dated:   **June 9, 2010**              /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE