# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARRISON S. JOHNSON, | ) | CASE NO. 1:08-CV-00640-LJO-DLB PC |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S FIRST MOTION TO COMPEL AND IMPOSITION OF SANCTIONS (ECF NO. 52) |
| v. | ) | |
| JOHN DOVEY, et al., | ) | ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL WITHOUT PREJUDICE TO REFILING ( ECF NO. 61) |
| Defendants. | ) | |

**Order**

I. **Background**

Plaintiff Garrison S. Johnson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Dunnahoe, V. Ybarra, Cunningham, Medrano, Holguin, Valasquez, G. Ybarra, Curliss, J. Gonzales, and K. Powell. Pending before the Court is Plaintiff's motion to compel, filed March 4, 2010, and Plaintiff's second motion to compel, filed May 17, 2010.

II. **March 4, 2010 Motion To Compel and Sanctions**

Plaintiff seeks to compel further response from Defendants V. Ybarra, Cunningham, Medrano, Gonzales, Powell, and Dunnahoe to Interrogatories Nos. One and Two per Defendant. The Court construes this as a reference to Plaintiff's first and second set of interrogatories. Plaintiff also seeks sanctions in the amount of $700.00 against Defendants pursuant to Federal Rule of Civil Procedure 37(a)(4). The Court construes this as a motion for sanctions under Rule

1

37(a)(5). Defendants filed an opposition on March 18, 2010. (Defs.' Opp'n, ECF No. 55.)

**A.     Sanctions**

Plaintiff contends that he submitted interrogatories to Defendants on November 11, 2009, December 13, 2009, and December 14, 2009, but the Defendants failed to respond. (Mot. Compel 1, ECF No. 52.) Plaintiff contends that he sent a letter to defense counsel on February 6, 2010, seeking resolution of this matter without court order. (Mot. Compel, Ex. A, dated February 6, 2010.) Plaintiff also submits a certification stating that he attempted to resolve discovery without court action. (Mot. Compel, Ex. B, dated February 28, 2010.) No proofs of service were submitted in support.

Defendants admit that no due date was entered at counsel's office, and thus their responses were not timely. (Defs.' Opp'n 2:9-15, ECF No. 55.) Counsel admits that she became aware of this error only after Plaintiff's February 6, 2010 letter. (*Id.* at 2:16-19.) Plaintiff did not wait for Defendants' responses, but instead served a motion to compel with the Court. (*Id.* at 2:19-21.) Defendants served their responses on March 18, 2010.

A review of the documents submitted indicates that Plaintiff was impatient regarding informal resolution of discovery disputes, and Defendants failed to timely respond. The Court may impose sanctions when a party provides the requested disclosure after the filing of the motion to compel, but must not do so if the movant filed the motion before attempting in good faith to obtain the discovery without court order. Fed. R. Civ. P. 37(5)(A)(i). The provisions regarding meeting and conferring prior to court action, while encouraged, are not mandatory. (Discovery And Scheduling Order ¶ 5, ECF No. 40.) The Court must not award payment if the failure to respond was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

The Court declines to impose monetary sanctions on Defendants for their late responses. It appears that the failure to respond in a timely matter was on the part of Defense counsel. As Defendants did respond by March 18, 2010, the Court will not impose monetary sanctions. Accordingly, it is HEREBY ORDERED that Plaintiff's motion for sanctions, filed March 4, 2010, is denied.

### B. Motion To Compel

Plaintiff filed an amended motion to compel on May 17, 2010. This motion encompasses the interrogatories at question in Plaintiff's March 4, 2010 Motion to Compel. Accordingly, the Court DENIES Plaintiff's motion to compel, filed March 4, 2010, as moot.

## III. May 17, 2010 Motion To Compel and For Sanctions

### A. Motion To Compel

Plaintiff submitted this motion to compel on May 17, 2010, entitled "Amended Motion For An Order Compelling Discovery."[1] Defendants contend that Plaintiff fails to indicate which interrogatories he seeks to compel further response. (Defs.' Opp'n 3:27-4:4.) Plaintiff appears to seek responses to all interrogatories from set one to which Defendants did not provide a response, other than objections. (Pl.'s Mot. Compel 1:16-28.) Plaintiff attached his first set of Interrogatories and responses from Defendants V. Ybarra, S. Cunningham, B. Medrano, and J. Dunnahoe. Plaintiff did not attach his first set of interrogatories and responses from Defendants J. Velasquez and J. Gonzales.

Plaintiff omits certain pages, and does not specifically point to which interrogatories he seeks to compel further response. Plaintiff raises arguments generally as to Defendants' objections, but does not indicate with sufficient specificity which Interrogatories Plaintiff seeks to compel further response to. The Court is disinclined to examine each interrogatory on behalf of Plaintiff. Accordingly, the Court HEREBY ORDERS that Plaintiff's second motion to compel, filed May 17, 2010, is DENIED, without prejudice to refiling.

### B. Sanctions

Plaintiff also makes a request for sanctions in the amount of $2500.00. (Pl.'s Mot. Compel 5:15-20.) Plaintiff's grounds for sanctions include failure to provide answers and failure to provide a declaration in support, and for failure to respond under oath. (*Id.*) Defendants complain that Plaintiff did not engage in a good-faith effort to meet and confer. (Defs.' Opp'n

---

[1] It appears that this motion amended a previous motion to compel, which was served on Defendants but never submitted with the Court. Defendants nonetheless filed an opposition to that motion. (Defs.' Opp'n 57, filed May 6, 2010, ECF No. 57.) Because that motion was never filed with the Court, the Court will not consider it, and adjudicates the pending May 17, 2010 motion to compel only.

4:7-18.) Defendants request their own sanctions for Plaintiff's filing of motions to compel prior to meeting and conferring with Defendants. (*Id.* at 4:18-25.) Defendants also contend that they served their verifications for the interrogatories with their opposition. (*Id.* at 4:28-5:7.)

The Court declines to consider both parties' request for sanctions. Plaintiff sent a request to meet and confer, and then decided to file a motion to compel. However, Plaintiff failed to identify with specificity which interrogatories he seeks further response. A grant of sanctions is awarded unless the opposing parties' objection was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). Here, requesting a meet and confer and then filing a motion to compel without conferring would make an award of sanctions unjust.

Defendants' complaint that Plaintiff is filing motions to compel without meeting and conferring is rendered moot by the Court waiving such requirement in this action. As stated previously, the requirement to meet and confer prior to filing a motion to compel is encouraged, but not mandatory in this action. The added expenses for the CDCR are irrelevant.

The Court imposes the following restriction to encourage prompt responses by the parties. Parties are to respond to discovery requests within **thirty (30) days** from the date of service of a discovery request, as opposed to the Court's more generous forty-five day limit in its discovery and scheduling order.

### IV. Conclusion And Order

Based on the foregoing, the Court HEREBY ORDERS:

1. Plaintiff's motion to compel, filed March 4, 2010, is DENIED as moot;
2. Plaintiff's motion to compel, filed May 17, 2010 is DENIED without prejudice to refiling;
3. Plaintiff and Defendants' request for sanctions are DENIED; and

//
//
//
//

4

4.      Parties are to respond to discovery requests within **thirty (30) days** from the date of service of a discovery request.

IT IS SO ORDERED.

**Dated:**   **August 3, 2010**                 **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE