# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOVEY, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:08-CV-00640-LJO-DLB PC<br><br>ORDER DENYING PLAINTIFF LEAVE TO TAKE DEFENDANTS' DEPOSITION BY WRITTEN QUESTION AS UNNECESSARY (DOC. 74)<br><br>ORDER DENYING MOTION TO COMPEL AS MOOT (DOC. 92) |

　　　　Plaintiff Garrison S. Johnson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Dunnahoe, V. Ybarra, Cunningham, Medrano, Holguin, Valasquez, G. Ybarra, Curliss, J. Gonzales, and K. Powell. Pending before the Court is Plaintiff's motion to take Defendants' deposition by written question, filed June 28, 2010. Doc. 74. Defendants filed an opposition to Plaintiff's motion on July 20, 2010. Doc. 75. Also pending is Plaintiff's motion to compel, filed September 14, 2010, seeking to compel responses to Plaintiff's deposition by written questions. Doc. 92.

　　　　Plaintiff requests that the Court grant Plaintiff leave to take each Defendants' deposition by written question, pursuant to Rule 31(a)(2) of the Federal Rules of Civil Procedure.

　　　　Plaintiff's motion is denied. It is unclear whether Plaintiff would require the Court's leave to depose Defendants by written question. A party requires the Court's leave "if the parties have not stipulated to the deposition and: (i) the deposition would result in more than 10

1  depositions being taken under this rule or Rule 30 . . .; (ii) the deponent has already been deposed
2  in the case; or (iii) the party seeks to take a deposition before the time specified in Rule 26(d)."
3  It thus appears that leave of the Court was unnecessary, as neither of these three factors was met.
4  Defendants indicate that they do not stipulate to deposition by written question. *See* Kelly A.
5  Yokley Decl., Doc. 75.  However, there are only ten Defendants in this action, none of the
6  Defendants have been deposed, and meeting and conferring was not required in this action,
7  rendering Rule 26(d)'s timing issues inapplicable.[1]  Leave of the Court is required **only** if the
8  parties do not stipulate **and** one of the above three situations occurs.  Thus, Plaintiff's motion for
9  leave of the Court is denied as unnecessary.

10       On September 14, 2010, Plaintiff filed a motion to compel, seeking responses from
11  Defendants to Plaintiff's deposition by written question.  Doc. 92.  Plaintiff's motion to compel
12  is denied.  Plaintiff did not use proper procedure.  Pursuant to Rule 31(b), Plaintiff is required to
13  deliver to the deposition officer a copy of the questions to be served and the notice.  Fed. R. Civ.
14  P. 31(b).  Plaintiff's motion to compel, filed September 14, 2010, indicates that Plaintiff merely
15  served his written questions on Defendants' counsel directly. *See* Doc. 92.  There is no
16  deposition officer listed anywhere.  That is improper procedure for the taking of deposition by
17  written question.

18       Plaintiff may have confused the procedure for deposition by written question with the
19  procedure for propounding interrogatories pursuant to Fed. R. Civ. P. 33.  Plaintiff may
20  propound interrogatories to any defendant by serving them on defendants' counsel of record.

21       Accordingly, it is HEREBY ORDERED that Plaintiff's motion for leave of the Court to
22  take deposition by written question, filed June 28, 2010, and motion to compel, filed September
23  14, 2010, are DENIED.

24       IT IS SO ORDERED.

25       Dated:   **February 9, 2011**              **/s/ Dennis L. Beck**
                                                 UNITED STATES MAGISTRATE JUDGE
26
27  ────────────────
28       [1] Subsection B requires leave of the Court if the deponents are in prison, which is not applicable here. Defendants' arguments in opposition are erroneous.