# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON, | CASE NO. 1:08-CV-00640-LJO-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DOC. 102) |
| v. | ORDER DENYING MOTION FOR APPOINTMENT OF EXPERT WITNESS (DOC. 79) |
| JOHN DOVEY, et al., | |
| Defendants. | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED (DOC. 76) |
| / | OBJECTIONS DUE WITHIN TWENTY-ONE (21) DAYS |

**Findings And Recommendation**

I.  **Procedural History**

Plaintiff Garrison S. Johnson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Dunnahoe, V. Ybarra, Cunningham, Medrano, Holguin, Valasquez, G. Ybarra, Curliss, J. Gonzales, and K. Powell on claims of excessive force, inhumane conditions of confinement, and retaliation. Pending before the Court is Plaintiff's motion for summary judgment, filed July 26, 2010. Pl.'s Mot. Summ. J., Doc. 76. Also pending is Plaintiff's motion

1

for appointment of an expert witness, in support of Plaintiff's motion for summary judgment. Doc. 79.  Defendants filed an opposition to Plaintiff's motion on October 18, 2010.  Defs.' Opp'n, Doc. 98.  Plaintiff filed his reply on November 18, 2010.  Pl.'s Reply, Doc. 104.[1]  The matter is submitted pursuant to Local Rule 230(l).

## II.  Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).[2]  Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* at 324.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  *Id.* at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing

---

[1] Plaintiff's reply is untimely.  Pursuant to Local Rule 230(l), the moving party has seven days from the date of service of an opposition in which to file a reply.  Plaintiff filed a motion for extension of time to file a reply on November 15, 2010, which was also untimely.  Accordingly, it is HEREBY ORDERED that Plaintiffs' motion for extension of time is DENIED.  The Court has nonetheless reviewed Plaintiff's reply out of an abundance of caution, and finds that it would not change the analysis herein.

[2] The Federal Rules of Civil Procedure were updated effective December 1, 2010.

1  party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec.*
2  *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

3  In attempting to establish the existence of this factual dispute, the opposing party may not
4  rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the
5  form of affidavits, and/or admissible discovery material, in support of its contention that the
6  dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11. The opposing party must
7  demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the
8  suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Thrifty*
9  *Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2002); *T.W. Elec.*
10 *Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the
11 dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the
12 nonmoving party, *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Wool v.*
13 *Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

14  In the endeavor to establish the existence of a factual dispute, the opposing party need not
15 establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual
16 dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at
17 trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce
18 the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"
19 *Matsushita*, 475 U.S. at 587 (quoting former Rule 56(e) advisory committee's note on 1963
20 amendments).

21  In resolving a motion for summary judgment, the court examines the pleadings,
22 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
23 any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, *Anderson*, 477
24 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the
25 court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citing *United*
26 *States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)). Nevertheless, inferences are not
27 drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from
28 which an inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-

45 (E. D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586-87 (citations omitted).

### III.     Statement Of Facts

Plaintiff contends that he has been living in institutions controlled by the CDCR for the past twenty-three years, and was confined at the California Correctional Institution ("CCI") from 2006-2009.  Pl.'s Statement of Facts, Doc. 80.  Plaintiff contends that he was subjected to excessive force by prison guards on March 17, 2007 at CCI.  *Id.*  Plaintiff contends that he was subjected to inhumane living conditions of confinement on March 17, 2007 at CCI.  *Id.*  Plaintiff contends that on March 17, 2007, he was denied medical treatment by Defendant Powell after excessive force was used against him.  *Id.*  Plaintiff was subjected to retaliatory action by CCI prison guards for filing a lawsuit.  *Id.*

Defendants contend the following.  Plaintiff struck Defendant Dunnahoe in the chest area with his left shoulder, and was then taken to the ground.  Defs.' Statement of Facts, Doc. 98-2.  Plaintiff was kicking his legs wildly in the air, and resisting the placement of leg restraints.  Defendant Holguin did not push Plaintiff's head into the wall.  Defendant Holguin took off Plaintiff's handcuffs only to have Plaintiff grab Defendant Holguin's right wrist with both hands and pull it through the food port.  Defendant Velasquez pepper-sprayed Plaintiff until he complied with orders and let go of Defendant Holguin's wrist.  The incident occurred because of Plaintiff's actions in failing to obey orders regarding removal from his cell for cell search, striking Defendant Dunnahoe with his left shoulder, failure to obey orders regarding the placement of leg restraints, and grabbing Defendant Holguin's right wrist and pulling it through the food port.  Defendants Curliss and Gonzales contend that Plaintiff was decontaminated with running water and fresh air for approximately five minutes.  Defendant Powell contends that Plaintiff first denied decontamination, but then agreed to it, and was escorted away for decontamination.  Defendant Powell further contends that she did not note any swelling of

Plaintiff's wrists that would require medical attention by a doctor. Defendants Curliss and Gonzales contend that Plaintiff was decontaminated to remove the burn from the pepper spray.

**IV.     Analysis**

     **A.     Legal Standards**

          **1.     Excessive Force**

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." *Id.* (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." *Id.* at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." *Id.*

///

### 2. Conditions of Confinement

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.*; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Farmer*, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. *Id.* at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. *Id.* at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Id.* at 835; *Frost*, 152 F.3d at 1128.

### 3. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some

adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

### B.  Arguments

Plaintiff makes legal conclusions that Defendants violated his constitutional rights. However, Defendants dispute each of Plaintiff's facts. Defendants contend that Plaintiff has no supporting evidence for any of his statements of fact. Plaintiff's statement regarding his prison history is unsupported. For Plaintiff's other facts, Plaintiff cites to Exhibit C, which are Defendants' crime incident reports regarding the March 17, 2007 incident, as support for his contentions that he was subjected to excessive force, inhumane living conditions, denied medical treatment, and retaliation. However, Defendants' crime incident reports do not demonstrate Plaintiff's claims. Rather, they support Defendants' version of events.

The Court must draw all reasonable inferences that may be drawn from the facts placed before the Court in favor of the opposing party, *Matsushita*, 475 U.S. at 587. Having drawn such references, there are clear disputes of material facts in this action as to all of Plaintiff's claims. Under Defendants' version of the facts, none of Plaintiff's constitutional rights were violated. Plaintiff instigated the incident by striking Defendant Dunnahoe. Reasonable force was used to subdue Plaintiff, including the application of pepper spray until Plaintiff complied with Defendants' orders. Plaintiff was then decontaminated. Issues of credibility are not to be resolved at the summary judgment stage, and this is clearly an issue of credibility. Plaintiff's motion for summary judgment should be denied.

### V.  Appointment Of Expert Witness

Plaintiff moves for the appointment of an expert witness. Doc. 79. Plaintiff contends that the Court would benefit from the appointment of an expert witness to give his opinion as to whether Defendants' rules violation report and crime incident reports are false. *Id.* Plaintiff is not contesting that Defendants authored the rules violation report and crime incident reports.

Plaintiff's request is denied. Plantiff does not explain how an expert would know

whether a document was falsified. The expert would presumably not be in a position to determine whether a document contains false information as the expert would not have witnessed the incident. Plaintiff also fails to state if there is a scientific field for determining whether a written report contains false information. *See* Fed. R. Evid. 702, 703.

### VI.   Conclusion

Based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff's motion for appointment of expert witness, filed July 26, 2010, is DENIED; and

2.   Plaintiff's motion for extension of time file a reply, filed November 15, 2010, is DENIED.

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for summary judgment, filed July 26, 2010, should be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 11, 2011**          /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE