# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON, | CASE NO. 1:08-CV-00640-LJO-DLB PC |
| Plaintiff, | ORDER DENYING APRIL 23, 2010 MOTION TO COMPEL AS MOOT (DOC. 99) |
| v. | |
| JOHN DOVEY, et al., | ORDER REGARDING MOTIONS TO COMPEL (DOCS. 85, 91, 94) |
| Defendants. | ORDER GRANTING PLAINTIFF'S MOTION FOR MODIFICATION OF DISCOVERY AND SCHEDULING ORDER IN PART (DOC. 109) |

**Order**

I. **Background**

Plaintiff Garrison S. Johnson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Dunnahoe, V. Ybarra, Cunningham, Medrano, Holguin, Valasquez, G. Ybarra, Curliss, J. Gonzales, and K. Powell. Pending before the Court are Plaintiff's motions to compel, filed April 23, 2010, August 12, 2010, September 14, 2010, and September 17, 2010. Docs. 85, 91, 94, and 99. Defendants filed their opposition to the motions on May 6, 2010, November 3, 2010, and December 20, 2010.  Docs. 57, 100, 108.

Also pending before the Court is Plaintiff's motion seeking modification of the Court's discovery and scheduling order, filed January 14, 2011.  Doc. 109. Defendants filed their opposition on January 26, 2011.  Doc. 110.

1

## II.   April 23, 2010 Motion To Compel

Plaintiff had filed this motion on April 23, 2010. Doc. 99. Due to a clerical error, this motion was erroneously not docketed until November 1, 2010. Defendants file their opposition on May 6, 2010. Doc. 57.

The issues raised in that motion were addressed by the Court's August 3, 2010 Order, which ordered Plaintiff to submit a motion to compel that provided sufficient specificity as to what discovery responses were inadequate and for which he sought further response. Doc. 83. Accordingly, it is HEREBY ORDERED that Plaintiff's motion to compel, filed April 23, 2010, is DENIED as moot.

## III.   August 12, 2010 Motion To Compel

Plaintiff seeks to compel further response from Defendants V. Ybarra, Cunningham, and Medrano as to Plaintiff's first set of interrogatories. Doc. 85. Defendants filed an opposition on November 3, 2010. Defs.' Opp'n, Doc. 100.

### A.   Defendant V. Ybarra:

Plaintiff seeks to compel further response as to Interrogatories Nos. 1, 2, 6, 9, 11, and 12.

#### 1.   Interrogatories Nos. 1 and 2:

Interrogatory No. 1 seeks an answer as to the date Defendant V. Ybarra started to work for the CDCR. Interrogatory No. 2 seeks an answer as to where and how long Defendant V. Ybarra has worked for the CDCR.

Defendants object generally that the requested personal information is private information. Defs.' Opp'n, Doc. 100. Defendants further contend that this information attempts to ascertain prison assignments that could compromise safety and security at the institution. Defendants further contend that this information is not relevant to whether Defendant V. Ybarra used excessive force on Plaintiff.

The Court finds Defendants' arguments as to privacy regarding Interrogatories Nos. 1 and 2 unpersuasive. Federal common law recognizes a qualified privilege for official information, also known as the governmental privilege, or state secret privilege. *Kerr v. United States District Court for the Northern District of California*, 511 F.2d 192, 198 (9th Cir. 1975). The application

of the official information privilege is "contingent upon the competing interests of the requesting litigant and subject to disclosure especially where protective measures are taken." *Id.* Government personnel files are considered official information. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990) (finding city police department personnel files not subject to discovery for general search). To determine whether the information sought is privileged, courts must "weigh the potential benefits of disclosure against the potential disadvantages." *Id.* at 1033-34. If the potential disadvantages are greater, then the privilege bars discovery. *Id.* at 1033.

Defendants are employees of the CDCR, and the incident in question occurred during the course of Defendants' employment. Plaintiff's request is relevant. Plaintiff's motion to compel further response to Interrogatories Nos. 1 and 2 is granted.

        2.        <u>Interrogatories Nos. 6, 9, 11, 12</u>:

Interrogatory No. 6 seeks an answer as to what areas Defendant V. Ybarra was assigned to work at California Correctional Institution ("CCI") from 2006 through 2007. Interrogatory No. 9 seeks an answer as to whether Defendant V. Ybarra is married to Defendant G. Ybarra. Interrogatory No. 11 seeks an answer as to whether she was working in CCI housing unite 4A-4A on March 17, 2007 with her husband Defendant G. Ybarra. Interrogatory No. 12 seeks an answer as to whether CDCR policy prohibits married couples from working together in the same housing unit.

The Court finds Plaintiff's arguments unavailing. Plaintiff's claims are for excessive force, deliberate indifference to a serious medical need, and retaliation. Pl.'s Compl., filed May 8, 2008, Doc. 1. Plaintiff alleges retaliation by Defendants because he had filed a lawsuit which resulted in the California prison system being de-segregated as to two-man cells. *Id.* ¶¶ 26, 44-45.[1] This alleged retaliatory motive has nothing to do with the marital status of any Defendants in this action.

Plaintiff contends that Interrogatory No. 6 would go towards demonstrating that

---

[1] The Court takes judicial notice that the lawsuit Plaintiff refers to is *Johnson v. California*, 543 U.S. 499 (2005).

3

Defendant V. Ybarra was not assigned to work in building Unit 4 at CCI, and that she was in violation of CDCR's policy regarding spouses not working together in the same building unit. This is not relevant to the action as alleged in the complaint. *See* Fed. R. Civ. P. 26(b). Thus, Plaintiff's motion to compel further response to Interrogatory No. 6 is denied.

Plaintiff's Interrogatories Nos. 9, 11, and 12 are also not relevant and will not lead to the discovery of admissible evidence. Plaintiff's motion to compel further response as to Interrogatories Nos. 9, 11, and 12 is denied.

### B.    Defendant Medrano:

Plaintiff seeks to compel further response as to Interrogatories Nos. 1, 2, 7, 9, 12, and 13.

#### 1.    Interrogatories Nos. 1 and 2

Interrogatory No. 1 seeks an answer as to the date Defendant Medrano started to work for the CDCR. Interrogatory No. 2 seeks an answer as to where and how long Defendant Medrano has worked for the CDCR.

Defendant Medrano contends that Interrogatories Nos. 1 and 2 violate Defendant's right to privacy. Plaintiff's motion to compel further response to Interrogatories Nos. 1 and 2 is granted.

#### 2.    Interrogatories Nos. 7 and 9:

Interrogatory No. 7 seek an answer as to whether CDCR rules, regulations, policy requires the filling out of reports after use of pepper spray on an inmate, and to document the quantity of the contents used. Defendant Medrano contends that Interrogatory No. 7 is irrelevant, as Defendant Medrano was either entitled to use the pepper spray, or he was not. This argument is unpersuasive. It is possible to be authorized to use pepper spray, but only in certain amounts. Thus, the quantity of pepper spray used is relevant and may lead to the discovery of admissible evidence. Defendant Medrano will be required to provide further response to Interrogatory No. 7. Any institutional security concerns may be addressed by moving for a protective order.

Interrogatory No. 9 seeks an answer as to what training Defendant received as to how to use the pepper spray on an inmate. Defendant Medrano contends that Interrogatory No. 9 is vague as to "how" an officer is trained to "utilize" pepper spray. The Court construes this as an

4

interrogatory seeking a description of what training Defendant Medrano received from CDCR regarding the use of pepper spray, namely the pepper spray that was used on Plaintiff during the incident at issue. There is no explanation as to how this would jeopardize officer safety. This interrogatory would appear relevant, as it goes towards whether the use of pepper spray was excessive. Defendant Medrano will be required to provide further response to Interrogatory No. 9.

          3.      <u>Interrogatories Nos. 12 and 13</u>:

Interrogatory No. 12 seeks an answer as to whether any other inmate have ever filed an inmate grievance appeal against Defendant Medrano for assault or subjecting him to use of excessive force as a correctional officer. Interrogatory No. 13 seeks an answer as to whether any other inmate has filed a civil lawsuit against Defendant Medrano alleging the filing of false reports and excessive force. Defendant Medrano contends that Interrogatories Nos. 12 and 13 are beyond the scope of time in this action, as Plaintiff requests all grievances ever filed. The Court will limit the scope of the inquiry to five years prior to the alleged incident in March 17, 2007.

Regarding Interrogatory No. 12, Defendant Medrano further contends that he does not have possession of the inmate grievances, and that it would be unduly burdensome, oppressive, and harassing to require him to produce said grievances. Defendant Medrano's objection is without merit, the interrogatory calls for a written verified answer to the question not the production of documents. If he chooses, Defendant Medrano may respond by producing the documents. Additionally, Plaintiff filed a motion for subpoena duces tecum for the secretary of the CDCR, Mathew Cate, or his designee, to produce similar documents. Plaintiff's motion to compel further response to Interrogatory No. 12 is granted.

Regarding Interrogatory No. 13, Defendant Medrano contends that civil lawsuits filed against Defendant Medrano would be public record and Plaintiff can access such information himself. The Court does not agree. Medrano and or his attorney have knowledge of such cases and access to records of CDCR and/or the Attorney General's Office which will facilitate easier access to such information than a search of the records of the courts of various jurisdiction in California. Plaintiff's motion to compel further response to Interrogatory No. 13 is granted as to

lawsuits filed within the past 10 years alleging excessive use of force against prisoners.

**C.     Defendant Cunningham**:

Plaintiff seeks to compel further response as to Interrogatories Nos. 2, 8, 10, 11, and 12.

### 1.     Interrogatory No. 2:

Interrogatory No. 2 seeks an answer as to the year and name of each CDCR prison that Defendant has worked at. Defendants contend that it is attempting to ascertain information regarding prison assignments, which could undermine safety and security. Defendants contend that it is not relevant as to the excessive force incident alleged.

As stated previously, with regard to other defendants Plaintiff's motion to compel further response to Interrogatory No. 2 is granted.

### 2.     Interrogatory No. 8:

Interrogatory No. 8 seeks an answer as to what training Defendant received as to how to use the pepper spray on an inmate. The Court construes the Interrogatory as previously stated regarding Defendant Medrano. Defendant Cunningham's arguments are likewise unpersuasive. Defendant Cunningham will be required to provide further response to Interrogatory No. 8. Any institutional security issues may be resolved by moving for a protective order.

### 3.     Interrogatories Nos. 10, 11, 12:

Interrogatory No. 10 seeks further information regarding whether any other inmate has filed an inmate grievance against Defendant claiming that Defendant filed a false report against him. Interrogatory No. 11 seeks further information regarding whether any other inmate has filed an inmate grievance against Defendant claiming that Defendant assaulted him or used excessive force against him. Interrogatory No. 12 seeks further information regarding whether any other inmate had filed a civil lawsuit against Defendant alleging excessive force or the filing of false reports.

These arguments have been addressed above regarding interrogatories propounded to Defendant Medrano. Accordingly, Plaintiff's motion to compel further response to Interrogatories Nos. 10, 11, and 12 is granted to the same extent it was as to Defendant Medrano.

//

**IV.     September 14, 2010 Motion To Compel (Doc. 91)**

Plaintiff seeks to compel answers to interrogatories served on Defendants Gonzales, Powell, and Velasquez. Doc. 91. Defendants filed their opposition on December 20, 2010. Doc. 108.

Defendants contend that they had informed Plaintiff that they would defer responding to Plaintiff's discovery requests until after the adjudication of their motion to dismiss. Defendants contend that Plaintiff has not attempted to work with Defendants regarding discovery in this matter. Defendant Gonzales has responded to Plaintiff's interrogatories. Defendant Powell responded to Plaintiff's interrogatories on January 4, 2011, and Defendant Velasquez responded to Plaintiff's interrogatories on January 13, 2011. *See* Defs.' Opp'n, Doc. 110.

Plaintiff also seeks costs in the amount of $200.00 for filing his motion. Doc. 91. Federal Rule of Civil Procedure 37(a)(5) requires the Court not to order such payment if:

(i)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii)   the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii)  other circumstances make an award of expenses unjust.

It appears that Defendants have filed their responses, and that Plaintiff did not attempt to resolve this issue in good faith prior to filing his motion to compel. Defendants will not be required to pay any expenses.[2] As it is unclear what disputes Plaintiff has with the Defendants' current responses, Plaintiff's motion to compel is denied as moot.

Plaintiff also filed a motion to reopen discovery and extend the dispositive motion deadline regarding Defendants' responses. Doc. 109. The Court will address that motion below.

///

---

[2] The Court does not require that the parties certify that they attempted in good faith to confer with the other party prior to filing a motion to compel. Discovery and Scheduling Order, Doc. 40. However, such compliance was encouraged, and the Court is disinclined to impose reasonable expenses on a responding party, especially when the responding party has made it known to the moving party that it is willing to resolve discovery disputes prior to the filing of a motion to compel.

7

**V.  September 17, 2010 Motion To Compel**

Plaintiff seeks to compel further response to Plaintiff's second set of interrogatories propounded on Defendant V. Ybarra. Doc. 94. Defendants filed their opposition on December 20, 2010. Doc. 100.

Defendants contend that they did not respond to Plaintiff's second set of interrogatories through inadvertence. Defendants have subsequently propounded their responses. Thus, Plaintiff's motion to compel is denied as moot.

Plaintiff again seeks expenses for the filing of his motion to compel. Again, Plaintiff does not appear to have acted in good faith to resolve this discovery issue prior to seeking court action. Thus, reasonable expenses will not be imposed on Defendants.

**VI.  Motion To Re-Open Discovery And Reset Dispositive Motion Deadline**

On January 14, 2011, Plaintiff filed a motion to re-open discovery and to reset the dispositive motion deadline. Doc. 109. Plaintiff contends that because Defendant V. Ybarra and other Defendants did not respond to Plaintiff's discovery requests until after the discovery cut-off date, Plaintiff did not have the opportunity to file a motion to compel.

Defendants contend that they are amenable to extending the discovery cut-off date regarding Defendant Powell and Velasquez's responses. Doc. 110. However, Defendants contend that Defendant V. Ybarra did respond to Plaintiff's interrogatories.

Good cause is required for the modification of a court's scheduling order. Fed. R. Civ. P. 16(b)(4). The Court will examine Plaintiff's motion to determine if he has made the requisite showing of good cause.

Plaintiff seeks to compel further response from Defendant V. Ybarra as to Interrogatories Nos. 2 and 11. Plaintiff contends that Interrogatory No. 2 reads: "On March 17, 2007, did you write and prepare the crime/incident report that is attached to these interrogatories marked as Exhibit A?" Plaintiff contends that Interrogatory No. 11 reads: "Please state whether your crime/incident report states that you had placed your right knee on Johnson's left leg and both your hands on his right leg for the purpose of holding his down with your body weight?" The Court notes that these interrogatories correspond to the interrogatories attached to Plaintiff's

8

1 motion to compel, filed September 17, 2010.

2    Plaintiff attaches Defendant V. Ybarra's submitted responses to Plaintiff's second set of
3 interrogatories. There is a discrepancy, as Defendant V. Ybarra responded to a different set of
4 questions.

5    On November 29, 2010, the Court ordered Defendants to respond to Plaintiff's motions to
6 compel, filed on September 14, 2010 and September 17, 2010. Doc. 106. Plaintiff's September
7 17, 2010 motion to compel includes the second set of interrogatories to which Defendant V.
8 Ybarra was to respond. Defendants responded to the incorrect set of interrogatories. Thus, they
9 are not in compliance with the Court's order. The Court will thus require Defendant V. Ybarra
10 to respond to Plaintiff's Interrogatories Nos. 2 and 11 as they are stated in Plaintiff's January 14,
11 2011 motion. Defendant V. Ybarra will be required to respond within ten (10) days from the
12 date of service of this order.

13    Defendants do not oppose an extension of time for Plaintiff to file a motion to compel
14 regarding Defendants Velasquez and Powell's responses to Plaintiff's interrogatories. It does not
15 appear that Plaintiff has any issues with Defendant Gonzales's responses. Thus, Plaintiff will be
16 granted thirty (30) days from the date of service of this order to file a motion to compel regarding
17 Defendants Velasquez and Powell's responses. Failure to timely file a motion to compel will be
18 construed as a waiver of a motion to compel.

19    Plaintiff has not provided good cause for modification of the scheduling order as to the
20 dispositive motion deadline. Plaintiff's request is thus denied.

21 **VII.   Conclusion And Order**

22    Based on the foregoing, it is HEREBY ORDERED that:

23 1.   Plaintiff's April 23, 2010 motion to compel, filed at docket No. 99, is DENIED as
24      moot;

25 2.   Plaintiff's August 12, 2010 motion to compel, filed at docket No. 85, is
26      GRANTED in part and DENIED in part as follows:
27      a.   Plaintiff's motion to compel further response from Defendant V. Ybarra to
28           Plaintiff's first set of Interrogatories, Nos. 1 and 2 is GRANTED.

9

|   |   |   |
|---|---|---|
| 1 |   | Defendant V. Ybarra is to provide further response to Plaintiff within |
| 2 |   | thirty (30) days from the date of service of this order.  Plaintiff may file a |
| 3 |   | motion to compel regarding Defendant V. Ybarra's response, if any, |
| 4 |   | within twenty (20) days after service of Defendant V. Ybarra's response; |

      Defendant V. Ybarra is to provide further response to Plaintiff within thirty (30) days from the date of service of this order.  Plaintiff may file a motion to compel regarding Defendant V. Ybarra's response, if any, within twenty (20) days after service of Defendant V. Ybarra's response;

    b.  Plaintiff's motion to compel further response from Defendant V. Ybarra to Plaintiff's first set of Interrogatories, Nos. 6, 9, 11, and 12 is DENIED;

    c.  Plaintiff's motion to compel further response from Defendant Medrano to Interrogatories Nos. 1, 2, 7, 9, 12, and 13 is GRANTED.  Defendant Medrano is to provide further response to Plaintiff within thirty (30) days from the date of service of this order.  Plaintiff may file a motion to compel regarding Defendant Medrano's response, if any, within twenty (20) days after service of Defendant Medrano's response;

    d.  Plaintiff's motion to compel further response from Defendant Cunningham to Interrogatories No. 2, 8, 10, 11, and 12 is GRANTED.  Defendant Cunningham is to provide further response to Plaintiff within thirty (30) days from the date of service of this order.  Plaintiff may file a motion to compel regarding Defendant Cunningham's response, if any, within twenty (20) days after service of Defendant Cunningham's response;

3.  Plaintiff's September 14, 2010 motion to compel, filed at docket No. 91, is DENIED as moot;

4.  Plaintiff's September 17, 2010 motion to compel, filed at docket No. 94, is DENIED as moot;

5.  Plaintiff's January 14, 2011 motion for modification of the discovery and scheduling order, filed at docket No. 109, is GRANTED in part and DENIED in part as follows:

    a.  Modification of the discovery cut-off date for Plaintiff to file a motion to compel regarding Defendants Velasquez and Powell's responses to

Plaintiff's interrogatories is GRANTED.  Plaintiff is granted **thirty (30) days** from the date of service of this order in which to file a motion to compel, if any;

      b.    Defendant V. Ybarra is ordered to file further response to Plaintiff's Interrogatories Nos. 2 and 11 from Plaintiff's second set within **ten (10) days** from the date of service of this order.  A motion to compel regarding Defendant V. Ybarra's responses to Interrogatories Nos. 2 and 11, if any, is due within **thirty (30) days** from the date of service of this order;

      c.    Modification of the dispositive motion deadline is DENIED.

IT IS SO ORDERED.

**Dated:**   **February 11, 2011**              **/s/ Dennis L. Beck**
                                                   UNITED STATES MAGISTRATE JUDGE