# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON, | CASE NO. 1:08-CV-00640-LJO-DLB PC |
| Plaintiff, | ORDER REGARDING PLAINTIFF'S MOTIONS FOR SUBPOENA DUCES TECUM |
| v. | |
| JOHN DOVEY, et al., | (DOCS. 69, 71, 87, 95, 97, 103) |
| Defendants. | SUBPOENAS TO ISSUE AFTER TWENTY (20) DAYS |

_____/

## Order

### I.     Background

Plaintiff Garrison S. Johnson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding against Defendants Dunnahoe, V. Ybarra, Cunningham, Medrano, Holguin, Valasquez, G. Ybarra, Curliss, J. Gonzales, and K. Powell.  Pending before the Court are Plaintiff's motions requesting subpoenas duces tecum, filed June 16, 2010, June 17, 2010, August 20, 2010, September 17, 2010, September 20, 2010, and November 15, 2010.  Docs. 69, 71, 87, 95, 97, and 103.

### II.     June 16, 2010 and June 17, 2010 Motions

Plaintiff requests that the United States Marshal issue a subpoena upon Warden F. Gonzales, warden of California Correctional Institution ("CCI"), where the alleged incident

1

occurred. Docs. 69, 71. Plaintiff requests a subpoena for the production of all logs, documents, and electronically stored information in the Warden's possession and control relating to the dates and time Plaintiff was provided showers from March 17, 2007 through March 30, 2007. Plaintiff also requests production of all CDCR policies, rules, regulations, documents, and electronically stored information in the Warden's possession and control that requires documenting whether the inmate showered or refused to shower.

The Court finds this request reasonably calculated to lead to the discovery of admissible evidence in this action. Plaintiff contends that he was denied a shower to decontaminate after being pepper sprayed. This order will constitute the notice required to the parties that a subpoena will issue.

Plaintiff also requests CDCR policy regarding whether spouses can work together in the same building unit. As stated in another order, the Court does not find this to be related at all to the action, and such related requests are denied.

## II.   August 20, 2010 Motion

Plaintiff requests that the United States Marshal issue a subpoena upon Mathew Cate, Secretary of the CDCR, or Warden Gonzalez for various documents. The Court will address the merits of each request. Plaintiff's requests can be addressed by Warden Gonzalez, as he would have more direct control over the requested documents than Secretary Cate.

> 1.   Any and all logs, documents, and electronically stored information in your possession and control that relates to all cell searches at [CCI] that reveal the dates [Plaintiff's] cell was searched when he was housed at Facility IVA Housing Unit 4 from January 1, 2006 through March 17, 2007.

Plaintiff contends that he was subjected to excessive force and retaliation when correctional officers searched his cell, read his legal documents, and determined that he is the inmate who sued the CDCR for racial segregation in its housing practice for two-man cells. The Court finds this request reasonably calculated to lead to the discovery of admissible evidence in this action, and will issue a subpoena subsequently.

> 2.   Any and all logs, documents, and electronically stored information in your possession and control that relates to a mass cell search conducted in [CCI] on

1          March 11, 2007 at the IVA Facility.[1]

2          Plaintiff contends that the mass cell searches on March 11, 2007 did not search all the

3    cells in Unit 4.   Plaintiff contends these documents would support Plaintiff's claims that he was

4    retaliated against.   This request is too broad in scope, as it is unclear why information regarding

5    the mass cell search at the entire IVA Facility would pertain to Plaintiff's action regarding

6    retaliation.  Additionally, Plaintiff makes a more specific request below.  The Court does not find

7    this request reasonably calculated to lead to the discovery of admissible evidence in this action,

8    and will not issue a subpoena.

9          3.     Any and all logs, documents and electronically stored information in your
                  possession and control that reveals Defendant Dunnahoe was assigned in CCI to
10                 search [Plaintiff's] cell on March 11, 2007 at Facility IVA, Housing Unit 4, Cell
                  #111.
11

12          Plaintiff contends that Defendant Dunnahoe was involved in searching Plaintiff's cell on

13    March 11, 2007 and was again involved in removing Plaintiff from his cell on March 17, 2007.

14    Plaintiff contends that this demonstrates retaliatory actions by defendants.  The Court finds this

15    request reasonably calculated to lead to the discovery of admissible evidence in this action, and

16    will issue a subpoena subsequently.

17          4.     Any and all logs, documents, and electronically stored information in your
                  possession and control that [pertains to] Facility IVA [being] placed on emergency
18                 lockdown and/or modified program in [CCI] on [March 17, 2007].

19          Plaintiff contends that CCI Facility IVA was placed on emergency lockdown due to a riot

20    that occurred on a lower level CCI facility.  Plaintiff contends that per CDCR policy there is no

21    inmate movement and cell searches are conducted only on orders by the warden or facility

22    captains.  Defendant Dunnahoe contends that he removed Plaintiff from his cell on March 17,

23    2007 pursuant to a random cell search.  The Court finds this request reasonably calculated to lead

24    to the discovery of admissible evidence in this action, and will issue a subpoena subsequently.

25          5.     Any and all logs, documents, and electronically stored information in your
                  possession and control that relate to two female correctional officers who were
26                 assigned to Facility IVA Housing Unit 4 in CCI who filed complaints between
                  January 1, 2006 through February 28, 2007 requesting to be reassigned to another
27

28    _____
      [1]  The Court has modified Plaintiff's requests for purposes of ease of writing and clarification.

1     position because the Facility IV second watch correctional officers were harassing
      black inmates and/or causing problems with black inmates.

2     Plaintiff contends that Facility IVA second watch correctional officers were harassing

3  black inmates.  Plaintiff contends that he is a black inmate and he was retaliated against by

4  Defendants, who are all second watch officers.  The Court finds this request reasonably calculated

5  to lead to the discovery of admissible evidence in this action, and will issue a subpoena

6  subsequently.

7        6.     Any and all logs, documents, and electronically stored information in your
               possession and control that relate to the quantity of MK 9X pepper spray
8              Defendant B. Medrano's cannister contained on Plaintiff on March 17, 2007.

9        7.     Any and all logs, documents, and electronically stored information in your
               possession and control that relates to the amount of MK-9X pepper spray
10             Defendant B. Medrano utilized on Plaintiff on March 17, 2007.

11       8.     Any and all logs, documents, and electronically stored information in your
               possession and control that relates to the chemicals and ingredients that were in
12             Defendant Medrano's MK 9X OC pepper spray canister on March 17, 2007.

13       9.     Any and all logs, documents, and electronically stored information in your
               possession and control that relates to the quantity of MK 9X OC fogger pepper
14             spray that Defendant Velasquez's canister contained on Plaintiff on March 17,
               2007.
15
         10.    Any and all logs, documents, and electronically stored information in your
16             possession and control that relates to the amount of MK 9X OC fogger pepper
               spray that Defendant Velasquez utilized on Plaintiff on March 17, 2007.
17

18       Plaintiff contends that Defendants Medrano and Velasquez used pepper spray on Plaintiff

19  on March 17, 2007.  The amount that was contained in each canister prior to use, how much was

20  used, and the chemicals in the pepper spray canister are all relevant.  The Court finds these

21  requests reasonably calculated to lead to the discovery of admissible evidence in this action, and

22  will issue a subpoena subsequently.

23       11.    A certified copy of any and all incident reports written by Defendants Dunnahoe,
               V. Ybarra, G. Ybarra, S. Cunningham, S. Curliss, J. Gonzales, B. Medrano, A.
24             Holguin, J. Velasquez and K. Powell that relates to the incident that occurred on
               March 17, 2007 involving Plaintiff being charged with battery on a peace officer.
25
         12.    A certified copy of any and all of Plaintiff's medical records relating to the injuries
26             and medical treatment he received as a result of the incident on March 17, 2007,
               where he was charged for battery on a peace officer.
27

28       It appears based on Plaintiff's subsequent motion filed September 20, 2010 that he

4

1    received copies of the documents related to the March 17, 2007 incident.  Thus, these requests are

2    denied as moot.

3            13.    Provide Plaintiff with a copy of the video tape from the video camera in Facility
                   IVA Housing Unit-4 that recorded the March 17, 2007 incident involving Plaintiff
4                  and Defendants.

5            The Court finds this request reasonably calculated to lead to the discovery of admissible

6    evidence in this action, and will issue a subpoena subsequently.  The Court notes that the

7    production of these documents and Plaintiff's access are subject to any rules, regulations, or

8    restrictions that may apply, such as institutional security.

9    **III.    September 17, 2010 Motion**

10           Plaintiff requests that the United States Marshal issue a subpoena upon Mathew Cate,

11   Secretary of the CDCR, or his designee, for various documents.  The Court will address the

12   merits of each request.

13           1.     A certified copy of the CDCR training video that is used to show officers the effect
                   pepper spray has on a person when someone is pepper sprayed in the eyes.
14

15           2.     A certified written transcription of the CDCR training video that is used to show
                   officers the effect pepper spray has on a person when someone is pepper sprayed
16                 in the eyes.

17           Plaintiff contends that this is related to this action, as Plaintiff was pepper-sprayed in the

18   face by Defendants.  The Court finds these requests reasonably calculated to lead to the discovery

19   of admissible evidence in this action, and will issue a subpoena subsequently.

20           3.     A certified copy of the CCI February 2, 2007 video tape of the I.S.T. briefing to
                   CCI prison officials concerning a discussion of Plaintiff being the inmate who filed
21                 the lawsuit that mandates CDDCR to racially integrate the way it houses inmates.

22           4.     A certified written transcription of the CCI February 2, 2007 I.S.T. briefing to CCI
                   prison officials concerning a discussion of Plaintiff being the inmate who filed the
23                 lawsuit that mandates CDDCR to racially integrate the way it houses inmates.

24           Plaintiff contends that correctional lieutenant Lundy gave a briefing to CCI I.S.T.

25   members regarding the integration mandate on February 2, 2007.  Plaintiff contends that

26   lieutenant Lundy named Plaintiff as the inmate who sued CDCR, and stated that he is in the CCI

27   administrative segregation.  Plaintiff contends that a log is kept of all CCI prison officials who

28   attend the meeting.  As Plaintiff alleges that he was retaliated against because of the lawsuit, this

                                            5

1    is relevant to this action. The Court finds these requests reasonably calculated to lead to the

2    discovery of admissible evidence in this action, and will issue a subpoena subsequently.  The

3    Court notes that the production of these documents and Plaintiff's access are subject to any

4    reasonable rules, regulations, or restrictions that may apply, such as institutional security.

5.   A certified copy of any and all complaints filed with the Office of Internal Affairs for the period of 2002-2007 by inmates or on behalf of inmates who were confined at CCI involving Defendants J. Dunnahoe, V. Ybarra, G. Ybarra, S. Cunningham, J. Gonzales, B. Medrano, A. Holguin, and J. Velasquez accusing them of the use of excessive force and/or beating and pepper spraying inmates.

6.   A certified copy of any and all complaints filed with the California Office of the Inspector General for the period of 2002-2007 by inmates or on behalf of inmates who were confined at CCI involving Defendants J. Dunnahoe, V. Ybarra, G. Ybarra, S. Cunningham, J. Gonzales, B. Medrano, A. Holguin, and J. Velasquez accusing them of subjecting inmates to the use of excessive force and/or beating and pepper spraying inmates.

7.   A certified copy of any and all documents and electronically stored information of investigative and findings reports by the California Inspector General'S Office relating to complaints filed by inmates in CCI involving Defendants J. Dunnahoe, V. Ybarra, G. Ybarra, S. Cunningham, J. Gonzales, B. Medrano, A. Holguin, and J. Velasquez accusing them of subjecting inmates to the use of excessive force and/or beating and pepper spraying them as well as being placed in administrative segregation on false charges of battery on a peace officer for the period of 2002-2007.

16   The alleged misconduct by Defendants in this action includes using excessive force and

17   falsely charging Plaintiff with battery of a peace officer.  The Court finds these requests

18   reasonably calculated to lead to the discovery of admissible evidence in this action, and will issue

19   a subpoena subsequently.  The Court will modify the request to specify the dates from March 17,

20   2002 to March 17, 2007.

21   **IV.    September 20, 2010 Motion**

22   Plaintiff requests that the United States Marshal issue a subpoena upon Mathew Cate,

23   Secretary of the CDCR, or his designee, for various documents, including various certified copies

24   of rules violation reports, crime incident reports, and medical reports that were allegedly written

25   by the Defendants.  Unlike Plaintiff's other requests for subpoena, Plaintiff concedes that he

26   already has copies of these documents.  Plaintiff merely seeks certification of these documents

27   such that these documents can be self-authenticated pursuant to Federal Rule of Evidence 902(4).

28   Plaintiff contends that he then will not have to subpoena the custodian of records to establish

6

these documents' authenticity.

This motion is denied.  The Court does not find this to be a matter that requires the issuance of a subpoena.  Plaintiff's request for certification of these documents would require the custodian of records to create a new document to authenticate, which is beyond the scope of discovery.  Plaintiff has various other means by which he can authenticate these documents for use as evidence.  For example, Plaintiff may request that the Defendants stipulate to the authenticity of these documents, or subpoena the appearance of the custodian of records to authenticate these documents at trial.

**V.      November 15, 2010 Motion**

Plaintiff requests that the Court require the Warden of Kern Valley State Prison, where Plaintiff is currently housed, to produce Plaintiff's legal documents and personal property.  On November 19, 2010, Plaintiff filed notice with the Court that Plaintiff had received all his legal property.  Plaintiff's motion is thus denied as moot.

**VI.     Conclusion And Order**

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's motions for subpoena duces tecum, filed June 16, 2010 and June 17, 2010, are GRANTED in part and DENIED in part as stated herein;

2.      Plaintiff's motion for subpoena duces tecum, filed August 20, 2010, is GRANTED as to requests Nos. 1, 3, 4, 5, 6, 7, 8, 9, 10, and 13 and DENIED as to Nos. 2, 11, and 12;

3.      Plaintiff's motion for subpoena duces tecum, filed September 17, 2010, is GRANTED as stated herein;

4.       Plaintiff's motion for subpoena duces tecum, filed September 20, 2010, is DENIED as stated herein;

5.      Plaintiff's motion for subpoena duces tecum, filed November 15, 2010, is DENIED as stated herein; and

6.      Pursuant to Federal Rule of Civil Procedure 45(b)(1), the parties are placed on notice that a subpoena duces tecum to Warden F. Gonzalez of the California

Correctional Institution and to the Secretary of the California Department of

Corrections and Rehabilitation Mathew Cate will be issued after **twenty (20) days**

from the date of service of this order.

IT IS SO ORDERED.

**Dated:** __**February 14, 2011**__          _____**/s/ Dennis L. Beck**_____
                                           UNITED STATES MAGISTRATE JUDGE