# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>                    Plaintiff,<br><br>         v.<br><br>JOHN DOVEY, et al.,<br><br>                    Defendants.<br>_____/ | CASE NO. 1:08-CV-00640-LJO-DLB PC<br><br>ORDER DIRECTING SERVICE OF SUBPOENA DUCES TECUM BY UNITED STATES MARSHAL WITHOUT PREPAYMENT OF COST<br><br>(DOC. 115) |

   Plaintiff Garrison S. Johnson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Dunnahoe, V. Ybarra, Cunningham, Medrano, Holguin, Valasquez, G. Ybarra, Curliss, J. Gonzales, and K. Powell. On February 15, 2011, the Court issued an order granting Plaintiff's motions for the issuance of a subpoena duces tecum in part and providing notice to the parties that the Court intended after twenty days to issue the subpoenas and direct the United States Marshal to effect personal service. Fed. R. Civ. P. 45; 28 U.S.C. § 1915(d).

   Accordingly, it is HEREBY ORDERED that:

   1.   The Clerk of Court shall forward the following documents to the United States Marshals Service:

///
///

1

A.   One (1) completed and issued subpoena duces tecum to be served on:

**Michael Stainer, Associate Warden**
**California Correctional Institution**
**24900 Highway 202**
**Tehachapi, CA 93561**

The Warden of California Correctional Institution ("CCI") is directed to produce the following within thirty (30) days from the date of service of the subpoena:

(1)   Production of all logs, documents, and electronically stored information in the Warden's possession and control relating to the dates and time Plaintiff was provided showers from March 17, 2007 through March 30, 2007.

(2)   Production of all CDCR policies, rules, regulations, documents, and electronically stored information in the Warden's possession and control that requires documenting whether the inmate showered or refused to shower.

(3)   Any and all logs, documents, and electronically stored information in your possession and control that relates to all cell searches at CCI that reveal the dates Plaintiff's cell was searched when he was housed at Facility IVA Housing Unit 4 from January 1, 2006 through March 17, 2007.

(4)   Any and all logs, documents and electronically stored information in your possession and control that reveals Defendant Dunnahoe was assigned in CCI to search Plaintiff's cell on March 11, 2007 at Facility IVA, Housing Unit 4, Cell #111.

(5)   Any and all logs, documents, and electronically stored information in your possession and control that pertains to Facility IVA being placed on emergency lockdown and/or modified program in CCI on March 17, 2007.

(6)   Any and all logs, documents, and electronically stored information in your possession and control that relate to two female correctional officers who were assigned to Facility IVA Housing Unit 4 in CCI who filed complaints between January 1, 2006 through February 28, 2007 requesting to be reassigned to another position because the Facility IV second watch correctional officers were harassing black inmates and/or causing problems with black inmates.

(7)   Any and all logs, documents, and electronically stored information in your possession and control that relate to the quantity of MK 9X pepper spray Defendant B. Medrano's cannister contained on Plaintiff on March 17, 2007.

(8)   Any and all logs, documents, and electronically stored information in your possession and control that relates to the amount of MK-9X pepper spray Defendant B. Medrano utilized on Plaintiff on March 17, 2007.

(9)   Any and all logs, documents, and electronically stored information in your possession and control that relates to the chemicals and ingredients that were in Defendant Medrano's MK 9X OC pepper spray canister on March 17, 2007.

    (10)    Any and all logs, documents, and electronically stored information in your possession and control that relates to the quantity of MK 9X OC fogger pepper spray that Defendant Velasquez's canister contained on Plaintiff on March 17, 2007.

    (11)    Any and all logs, documents, and electronically stored information in your possession and control that relates to the amount of MK 9X OC fogger pepper spray that Defendant Velasquez utilized on Plaintiff on March 17, 2007.

    (12)    Provide Plaintiff with a copy of the video tape from the video camera in Facility IVA Housing Unit-4 that recorded the March 17, 2007 incident involving Plaintiff and Defendants.

B.    One (1) completed and issued subpoena duces tecum to be served on:

**Matthew Cate, Secretary of CDCR**
**1515 S Street**
**Sacramento, CA 95814**

The Secretary of the CDCR or his designee is to produce the following within (30) days from the date of service of the subpoena:

    (1)    A certified copy of the CDCR training video that is used to show officers the effect pepper spray has on a person when someone is pepper sprayed in the eyes.

    (2)    A certified written transcription of the CDCR training video that is used to show officers the effect pepper spray has on a person when someone is pepper sprayed in the eyes.

    (3)    A certified copy of the CCI February 2, 2007 video tape of the I.S.T. briefing to CCI prison officials concerning a discussion of Plaintiff being the inmate who filed the lawsuit that mandates CDCR to racially integrate the way it houses inmates.

    (4)    A certified written transcription of the CCI February 2, 2007 I.S.T. briefing to CCI prison officials concerning a discussion of Plaintiff being the inmate who filed the lawsuit that mandates CDCR to racially integrate the way it houses inmates.

    (5)    A certified copy of any and all complaints filed with the Office of Internal Affairs for the period of 2002-2007 by inmates or on behalf of inmates who were confined at CCI involving Defendants J. Dunnahoe, V. Ybarra, G. Ybarra, S. Cunningham, J. Gonzales, B. Medrano, A. Holguin, and J. Velasquez accusing them of the use of excessive force and/or beating and pepper spraying inmates.

    (6)    A certified copy of any and all complaints filed with the California Office of the Inspector General for the period of 2002-2007 by inmates or on behalf of inmates who were confined at CCI involving Defendants J. Dunnahoe, V. Ybarra, G. Ybarra, S. Cunningham, J. Gonzales, B. Medrano, A. Holguin, and J. Velasquez accusing them of subjecting

3

          inmates to the use of excessive force and/or beating and pepper spraying inmates.

(7)   A certified copy of any and all documents and electronically stored information of investigative and findings reports by the California Inspector General's Office relating to complaints filed by inmates in CCI involving Defendants J. Dunnahoe, V. Ybarra, G. Ybarra, S. Cunningham, J. Gonzales, B. Medrano, A. Holguin, and J. Velasquez accusing them of subjecting inmates to the use of excessive force and/or beating and pepper spraying them as well as being placed in administrative segregation on false charges of battery on a peace officer for the period of 2002-2007.

C.   Two (2) completed USM-285 forms; and

D.   Three (3) copies of this order, one to accompany each subpoena, and one for the United States Marshals Service.

2. Within **twenty (20) days** from the date of this order, the Marshals Service is directed to serve the subpoena in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure.

3. The Marshals Service is directed to retain a copy of the subpoena in its file for future use.

4. The Marshals Service SHALL effect personal service of the subpoena duces tecum, along with a copy of this order, upon the entity in the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

5. Within **ten (10) days** after personal service is effected, the Marshals Service shall file the return of service, along with the costs subsequently incurred in effecting service. Said Costs shall be enumerated on the USM-285 form.

IT IS SO ORDERED.

   **Dated:**   **March 9, 2011**                **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE