# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>         Plaintiff,<br><br>    v.<br><br>JOHN DOVEY, et al.,<br><br>         Defendants.<br>_____/ | CASE NO. 1:08-CV-00640-LJO-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(DOC. 117) |

Plaintiff Garrison S. Johnson ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 26, 2010, Plaintiff filed a motion for appointment of an expert witness. Doc. 79. On February 11, 2011, the United States Magistrate Judge in this action denied Plaintiff's motion. Doc. 112. Pending before the Court is Plaintiff's motion fo reconsideration, filed February 28, 2011. Doc. 117.

Rule 72(a) states in pertinent part: "The district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is *clearly erroneous or is contrary to law*." Fed. R. Civ. P. 72(a) (emphasis added); *see* 28 U.S.C. § 636(b)(1)(A). Under the clearly erroneous standard of review, a district court may overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)). Under the contrary to law standard, a district court may conduct independent review of purely legal determinations by a magistrate judge. *Id.*

Plaintiff requests the appointment of an expert witness in the field of prison management. Pl.'s Mot., Doc. 117. Plaintiff contends that such an expert would be able to determine whether Defendants had falsified crime incident reports to cover-up their alleged use of excessive force. *Id.* The Magistrate Judge had found that Plaintiff had not established that there is a scientific field for prison management. Magistrate Judge's Order, Doc. 112. The Magistrate Judge also found that such an expert would not be able to determine whether a crime incident report was false, as the expert would presumably not be present at the time of the incident. *Id.*

An expert witness may testify to help the trier of fact determine the evidence or a fact at issue. Fed. R. Evid. 702. Federal courts have discretion to appoint expert witnesses, and parties may provide names of which witnesses to appoint. Fed. R. Evid. 706(a),(d); *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). A court may appoint an expert witness when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue." Fed. R. Evid. 702.

Plaintiff has not demonstrated that the field of prison management exists, such that a person may be qualified to testify as an expert regarding the falsification of incident reports. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999). Additionally, the issue of whether a crime incident report is false goes towards credibility, an issue with which an expert will likely not be able to assist the trier of fact.

The Court does not find that the Magistrate Judge's order was clearly erroneous or contrary to law. Accordingly, it is HEREBY ORDERED that Plaintiff's motion for reconsideration, filed February 28, 2011, is denied.

IT IS SO ORDERED.

**Dated:   March 22, 2011**          /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE