# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>             Plaintiff,<br><br>   v.<br><br>JOHN DOVEY, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:08-CV-00640-LJO-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL AS MOOT (DOCS. 119, 121, 125)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUBPOENA DUCES TECUM AS UNTIMELY (DOC. 120) |

Plaintiff Garrison S. Johnson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Dunnahoe, V. Ybarra, Cunningham, Medrano, Holguin, Valasquez, G. Ybarra, Curliss, J. Gonzales, and K. Powell on claims of excessive force, inhumane conditions of confinement, and retaliation. Pending before the Court are: 1) Plaintiff's motion to compel verifications to answers to second set of interrogatories, filed March 11, 2011; 2) Plaintiff's motion for subpoena duces tecum, filed March 11, 2011; 3) Plaintiff's motion to compel answers to interrogatories, filed March 11, 2011; and 4) Plaintiff's motion to compel verifications to answers to first set of interrogatories, filed March 29, 2011. Defendants filed an opposition to the motions to compel on April 21, 2011. Doc. 126. Plaintiff did not file a timely reply. The matter is submitted pursuant to Local Rule 230(l).

## I.     Motions To Compel

Plaintiff moves for Defendants to provide the verification to the answers to Plaintiff's first and second set of interrogatories as to Defendants V. Ybarra, Powell, Velasquez, and

1

Medrano.  Plaintiff also moved for further response to Plaintiff's interrogatories Nos. 1, 2, and 15, served on Defendant Powell.

Defendants contend that as of April 21, 2011, Defendant Powell has provided amended responses to Interrogatories Nos. 1, 2, and 15.  Defendants have also provided signed verifications for Defendants V. Ybarra, Powell, Velasquez, and Medrano.

It appears that based on Defendants' opposition, Plaintiff's motions to compel are moot.  Absent a showing to the contrary, the Court will deny Plaintiff's motions.

## II.  **Subpoena Duces Tecum**

Plaintiff moves for the issuance of subpoena duces tecum to be served on CDCR Secretary Matthew Cate or his designee.  Plaintiff seeks the following:

1. Any and all logs, documents, rules, regulations, policies, procedures and electronically stored information that relates to when a nurse or medical personnel are to refer an inmate to a doctor when the inmate compains [sic] of injuries.

2. Any and all logs, documents, rules, regulations, policies, procedures and electronically stored information in your possession and control that relates to a nurse or medical personnel not being required to refer an inmate to a doctor when the inmate complain [sic] of injuries if no sign of injuries are [sic] seen.

3. Any and all logs, documents, rules, regulations, policies and procedures and electronically stored information in your possession and control that describes how medical personnel and staff are to decontaminate inmates who have been pepper sprayed in the eyes.

4. Any and all logs, documents, rules, regulations, policies and procedures and electronically stored information in your possession and control that informs Staff and medical personnel when to refer an inmate to a doctor resulting from being pepper sprayed in the eyes.

5. Any and all logs, documents, rules, regulations, policies and procedures and electronically stored information in your possession and control that relates to the date defedant [sic] K. Powell was employed as a nurse by the California Department of Corrections and Rehabilitation (CDCR).

6. Any and all logs, documents, rules, regulations, policies, procedures and electronically stored information in your possession of [sic] control that relates to the name and year of each CDCR/prison/institution Dfendant [sic] K. Powell worked at.

As to requests Nos. 5 and 6, these are related to interrogatories served on Defendant K. Powell, to which Defendant K. Powell did not answer.  Defendants contend that they have since provided amended responses.  Thus, requests Nos. 5 and 6 are moot.

Plaintiff's motion for subpoena duces tecum is also untimely. The original discovery cut-off date was July 5, 2010. *See* Discovery and Scheduling Order, Doc. 40. The cut-off date was subsequently extended to September 20, 2010. *See* Order, filed July 30, 2010, Doc. 81. Plaintiff's motion for subpoena duces tecum concerns discovery, and was filed well after the cut-off date.

Plaintiff contends that these discovery requests are relevant, as they relate to Defendant K. Powell's answers to his interrogatories. However, Plaintiff was aware of the claims in his action, including his claim of deliberate indifference against Defendant Powell for allegedly failing to properly decontaminate Plaintiff after he was pepper sprayed and failure to refer Plaintiff to a doctor. *See* Pl.'s Compl. ¶¶ 36-38, Doc. 1. Plaintiff had ample opportunity to seek a subpoena duces tecum regarding documents pertaining to the above requests.[1] The Court does not find Plaintiff's motion for subpoena duces tecum to be timely.

### III. Conclusion And Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motions to compel, filed March 11, 2011 and March 29, 2011, are denied as moot; and

2. Plaintiff's motion for subpoena duces tecum, filed March 11, 2011, is denied as untimely.

IT IS SO ORDERED.

Dated:   **June 3, 2011**         /s/ **Dennis L. Beck**
                            UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff had filed a motion to re-open discovery on January 14, 2011, as against Defendant V. Ybarra and other defendants. Doc. 109. Pursuant to the Court's February 11, 2011 Order, discovery was not re-opened in its entirety, but rather was limited only to filing a motion to compel regarding Defendants Velasquez and Powell's answers to interrogatories. *See* Doc. 113.