# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOVEY, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:08-CV-00640-LJO-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS REGARDING  EXPERT WITNESSES<br><br>(DOCS. 107, 129) |

Plaintiff Garrison S. Johnson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding against Defendants Dunnahoe, V. Ybarra, Cunningham, Medrano, Holguin, Valasquez, G. Ybarra, Curliss, J. Gonzales, and K. Powell on claims of excessive force, inhumane conditions of confinement, retaliation, and state law claims.  Pending before the Court is 1) Plaintiff's motion for the Court to facilitate the location of expert witnesses, filed December 17, 2010, and 2) Plaintiff's motion for appointment of expert witness, filed May 4, 2011.

An expert witness may testify to help the trier of fact determine the evidence or a fact at issue.  Fed. R. Evid. 702.  Federal courts have discretion to appoint expert witnesses, and parties may provide names of which witnesses to appoint.  Fed. R. Evid. 706(a),(d); *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999).  A court may appoint an expert witness when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue." Fed. R. Evid. 702.

Plaintiff's December 17, 2010 motion seeks from the Court a list of potential expert witnesses to provide for Plaintiff.  Plaintiff's May 4, 2011 motion seeks the appointment of specific experts for various issues, including, inter alia: 1) examining rules violation reports, crime incident reports, staff complaints, and other files relating to allegations of excessive force, retaliation, from the period of 2000 to 2010; 2) to testify as to the use of pepper spray and whether certain amounts of pepper spray used would constitute excessive force; 3) to testify as to whether Plaintiff needed immediate medical care afterwards, and whether Defendant Holguin was injured; and 4) to testify as to Defendant V. Ybarra's signature on a crime incident report and whether she actually wrote the report.

The Court set a discovery cut-off date of September 20, 2010.  July 30, 2010 Order, Doc. 81.  Plaintiff's motions clearly concern discovery, and thus are subject to the discovery cut-off date.  Plaintiff thus seeks to modify the discovery cut-off date.  Good cause is required to modify the discovery cut-off date. Fed. R. Civ. P. 16(b)(4).   Plaintiff provides no good cause.  Accordingly, Plaintiff's motions should be denied.

Additionally, the Court previously adjudicated a similar motion by Plaintiff.  On July 26, 2010, Plaintiff filed a motion for an appointment of an expert witness.  Doc. 79.  Plaintiff sought an expert to testify that the rules violation and crime incident reports were falsified.  The undersigned denied Plaintiff's motion.  February 11, 2011 Order, Doc. 112.  Plaintiff moved for reconsideration on February 28, 2011.  Pl.'s Mot., Doc. 117.  The District Judge assigned to this action denied Plaintiff's motion.  March 22, 2011 Order, Doc. 122.  Plaintiff's motion is in effect seeking a second reconsideration.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motions regarding expert witnesses, filed December 17, 2010 and May 4, 2011, are DENIED.

IT IS SO ORDERED.

Dated:   **August 4, 2011**            /s/ **Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE