# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOVEY, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:08-CV-00640-LJO-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(DOCS. 138) |

    Plaintiff Garrison S. Johnson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Dunnahoe, V. Ybarra, Cunningham, Medrano, Holguin, Valasquez, G. Ybarra, Curliss, J. Gonzales, and K. Powell on claims of excessive force, inhumane conditions of confinement, retaliation, and state law claims. On August 4, 2011, the Magistrate Judge assigned to this action denied Plaintiff's motions for appointment of an expert witness. Pending before the Court is Plaintiff's motion for reconsideration of the Magistrate Judge's order, filed August 16, 2011. Doc. 138.

    Pursuant to Federal Rule of Civil Procedure 72(a), when reviewing a magistrate judge's order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A); L. R. 303. The assigned district judge may also reconsider any matter sua sponte. L.R. 303(g).

1   Under the clearly erroneous standard of review, a district court may overturn a magistrate
2 judge's ruling "'only if the district court is left with the definite and firm conviction that a
3 mistake has been made.'" *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d
4 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943
5 (7th Cir. 1997)). Under the contrary to law standard, a district court may conduct independent
6 review of purely legal determinations by a magistrate judge. *Id.*

7   Plaintiff contends only that if he proceeds to trial without expert witnesses he will be
8 subject to an unfair trial proceeding. Plaintiff contends that CDCR Defendants' testimony will
9 be treated as expert testimony and the trier of fact will believe Defendants rather than Plaintiff.
10 Plaintiff's argument is speculative at best. First, it is not clear whether Defendants intend on
11 calling expert witnesses, or acting as experts on their own behalf. Second, Plaintiff present no
12 new facts or circumstances that merit reconsideration. The magistrate judge's order was not
13 clearly erroneous or contrary to law.

14   Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for
15 reconsideration, filed August 16, 2011, is DENIED.

16 IT IS SO ORDERED.

17 **Dated:    November 1, 2011**                    /s/ Lawrence J. O'Neill
                                                     UNITED STATES DISTRICT JUDGE

2