1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

8    GARRISON S. JOHNSON,                        CASE NO. 1:08-CV-00640-LJO-DLB PC

9                    Plaintiff,                  ORDER STRIKING CDCR'S RESPONSE
                                                 (DOC. 143)
10           v.
                                                 ORDER GRANTING PLAINTIFF'S MOTION
11   JOHN DOVEY, et al.,                         (DOC. 130)

12                   Defendants.                 CDCR'S RESPONSE DUE WITHIN FORTY-
                                                 FIVE DAYS
13
                                          /
14

15   **I.      Background**

16          Plaintiff Garrison S. Johnson ("Plaintiff") is a prisoner in the custody of the California

17   Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

18   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding

19   against Defendants Dunnahoe, V. Ybarra, Cunningham, Medrano, Holguin, Valasquez, G.

20   Ybarra, Curliss, J. Gonzales, and K. Powell on claims of excessive force, inhumane conditions of

21   confinement, retaliation, and state law claims.

22          On March 10, 2011, the Court directed the United States Marshal to serve subpoenas

23   duces tecum on CDCR and Matthew Stainer, acting warden of California Correctional

24   Institution, where the events giving rise to this action occurred.  CDCR and Mr. Stainer were to

25   respond to the subpoenas.   On May 26, 2011, Plaintiff filed a motion for contempt citation,

26   sanction, and other relief against non-parties Matthew Cate and Michael Stainer with regards to a

27   subpoena duces tecum. Doc. 130.  The motion is construed as a motion to compel pursuant to

28   Rule 45 of the Federal Rules of Civil Procedure.

1

1    On May 31, 2011, CDCR filed its response to the motion.  Doc. 131.  CDCR contends

2  that it served objections to Plaintiff's subpoenas.  On June 6, 2011, the Court ordered Plaintiff to

3  supplement his motion by submitting CDCR's objections.  Doc. 133.  On June 21, 2011, Plaintiff

4  filed his response.  Doc. 134.  Plaintiff contends that he did not receive any written responses to

5  the subpoenas from CDCR, and would thus be unable to comply with the Court's June 6, 2011

6  Order.  On August 4, 2011, the Court ordered CDCR to respond to Plaintiff's response.  Doc.

7  137.

8    On August 19, 2011, CDCR filed its response.  Doc. 139.  CDCR contends that it did

9  respond to Plaintiff by filing the response via the Case Management/Electronic Case Filing

10  ("CM/ECF") system, even though Plaintiff cannot be served by CM/ECF and must be served by

11  mail.  *See* L.R. 135(b).  Despite the erroneous understanding, CDCR eventually served its

12  response to Plaintiff's subpoena.

13    On September 2, 2011, Plaintiff supplemented his May 26, 2011 motion to compel.  Doc.

14  140.  On September 28, 2011, CDCR filed its response, construed as an opposition.  Doc. 141.

15  On October 12, 2011, Plaintiff filed his reply.  Doc. 142.  The matter is submitted pursuant to

16  Local Rule 230(l).[1]

17  **II.    Motion To Compel**

18    Plaintiff contends that CDCR's arguments regarding privilege, safety and security

19  concerns, and Eleventh Amendment immunity are without merit.  Plaintiff has explained the

20  relevance of his requests in prior motions.  Docs. 115, 130.

21    **A.    Eleventh Amendment**

22    CDCR contends that it is entitled to Eleventh Amendment immunity, and thus is not

23  subject to a federal subpoena here.  Arica Byant-Presinal Decl., Ex. A, Doc. 139.  CDCR cites to

24  *Estate of Gonzalez v. Hickman*, 466 F. Supp. 2d 1226, 1227 (E.D. Cal. 2006), which states

25  without explanation that the Eleventh Amendment precludes plaintiffs from compelling the State

26

27    [1] On November 1, 2011, CDCR filed a response to Plaintiff's reply.  The Court construes
such a filing as a surreply.  Surreplies are not generally considered by the Court.  *See* L. R. 230(l)
28  (matter is submitted after filing of reply).  Accordingly, CDCR's surreply is STRICKEN.

1   to produce requested discovery.  *Id.*  Plaintiff contends only that CDCR is in possession of these

2   documents and is required to produce them.  Pl.'s Mot. 2, Doc. 140.

3          CDCR's citation is unpersuasive.  *Estate of Gonzalez* is the only case in the Eastern

4   District of California to conclude that Eleventh Amendment immunity renders the State and its

5   agencies immune from a federal court's jurisdiction via subpoena.  That case provides no

6   explanation as to how Eleventh Amendment immunity applies in such a manner. Another

7   published decision from the Eastern District of California provides a detailed analysis as to why

8   *Estate of Gonzalez* is erroneous.  *Allen v. Woodford*, 544 F. Supp. 2d 1074, 1078-80 (E.D. Cal.

9   2008).

10          In *Allen*, the court determined that the threshold question regarding the Eleventh

11  Amendment is whether requiring compliance with a third party subpoena constitutes "any suit in

12  law or equity, commenced or prosecuted against one of the United States."  *Id.* at 1078.  The

13  *Allen* court found that because no judgment will be issued in this action against the State that

14  could have any conceivable effect on the State treasury, the Eleventh Amendment, by its terms

15  and purposes, does not apply to nor does it bar enforcement of the subpoenas.  *Id.* at 1080.  To

16  conclude otherwise "would mean that a plaintiff who sues a state official in his individual

17  capacity, a lawsuit specifically authorized by the United States Supreme Court, will never be able

18  to prove his or her case, if any required proof is in the hands of the State's custodian of records.

19  Such a result is ludicrous."  *Id.* at 1079.  This Court agrees with the analysis in *Allen*.

20  Accordingly, CDCR's Eleventh Amendment immunity argument fails.

21          **B.       Privilege**

22          Plaintiff contends that CDCR's arguments regarding privilege fail because CDCR has not

23  identified what confidential information or privilege is at issue. Pl.'s Mot. 2, Doc. 140.  CDCR

24  contends that the subpoena is overbroad, and compliance would be an undue burden.  CDCR also

25  contends that the information requested is highly sensitive and that may undermine the

26  effectiveness of CDCR"s mission and impact officer, inmate, parolee, and public safety if

27  disclosed.  CDCR further objects that the subpoenas seek official information, and would violate

28  privacy rights of several officers and inmates.  CDCR further contends that because Plaintiff is

3

1  proceeding pro se, no protective order will be sufficient.

2  CDCR's objections are not specific in any way, and are thus insufficient to assert a

3  privilege.  *See* Fed. R. Civ. P. 45(d)(2)(A) ("A person withholding subpoenaed information under

4  a claim that it is privileged . . . must: (i) expressly make the claim; and (ii) describe the nature of

5  the withheld documents, communications, or tangible things in a manner that, without revealing

6  information itself privileged . . . , will enable the parties to assess the claim"); *Burlington N. &*

7  *Santa Fe Ry. Co. v. United States Dist. Court*, 408 F.3d 1142, 1147 (9th Cir. 2005) (in context of

8  Rule 26(b)(5), boilerplate objections or blanket refusals in response to requests for production are

9  insufficient to assert a privilege).

10  Here CDCR asserts privilege without specificity, using boilerplate objections.  The Court

11  will thus require CDCR to produce the documents requested in the subpoena.  As these

12  documents may actually implicate privilege or institutional security concerns, CDCR may also

13  move for a protective order, limiting the manner in which Plaintiff has access to these

14  documents.  Fed. R. Civ. P. 26(c).[2]

15  **C.      Sanctions**

16  Plaintiff requests sanctions against CDCR for their noncompliance.  Pl.'s Mot. 4-5, Doc.

17  130.  Based on the record before the Court, CDCR mistakenly assumed that it had served

18  Plaintiff with its responses, and had raised objections to the subpoena.  Court declines to issue a

19  sanction for non-compliance with the subpoena duces tecum until after the issuance of this order

20  commanding compliance.  *See Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th

21  Cir. 1983) (finding corporation subject to subpoena could not be sanctioned in absence of

22  enforcement order).

23  ///

24

25      [2] Some of Plaintiff's requests, for example his requests for complaints filed by California
26  Correctional Institution inmates against Defendants with the Office of Internal Affairs or the
    Inspector General as it relates to excessive force and false rules violation reports, may be items
27  that CDCR does not wish to be in Plaintiff's possession.  It has been this Court's experience that
    communicating with the litigation coordinator at Plaintiff's current prison may facilitate the
28  production of these documents for inspection.

III.   **Conclusion And Order**

Based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff's motion, filed May 26, 2011, and construed as a motion pursuant to Rule 45(c) of the Federal Rules of Civil Procedure, is GRANTED;

2.   CDCR is commanded to comply with the subpoena duces tecum and produce for Plaintiff the documents listed in the Court's March 10, 2011 Order (ECF No. 118);

3.   CDCR is granted **forty-five (45) days** from the date of service of this order in which to comply;

4.   CDCR may move for a protective order within **ten (10) days** from the date of service of this order to limit the manner in which disclosure of the discovery occurs.  Failure to timely file may constitute waiver of the opportunity to move for a protective order;


IT IS SO ORDERED.

**Dated:    November 7, 2011**                        _/s/ **Dennis L. Beck**_
                                    UNITED STATES MAGISTRATE JUDGE