# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON, | CASE NO. 1:08-cv-00640-LJO-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND |
| v. | OBJECTION (DOCS. 161, 163) |
| A. DUNNAHOE, et al., | |
| Defendants. | |

Plaintiff Garrison S. Johnson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Dunnahoe, V. Ybarra, Cunningham, Medrano, Holguin, Valasquez, G. Ybarra, Curliss, J. Gonzales, and K. Powell on claims of excessive force, inhumane conditions of confinement, retaliation, and state law claims.

On March 14, 2012, the United States Magistrate Judge denied Plaintiff's motions for appointment of counsel. Doc. 159. On March 15, 2012, the United States Magistrate Judge denied Plaintiff's motion requesting that documents currently subject to a protective order be provided to Plaintiff for his immediate possession. Doc. 160. On March 22, 2012, Plaintiff filed a motion for reconsideration of the Magistrate Judge's order denying appointment of counsel. Doc. 161. On March 28, 2012, Plaintiff filed objections, seeking reconsideration of the Magistrate Judge's order denying Plaintiff's motion for possession of documents subject to a protective order. Doc. 163. CDCR, a non-party to this action and responsible for the protective

1

order, filed a response on March 30, 2012.  Doc. 165.  The matter is submitted pursuant to Local Rule 230(l).

### A.     Reconsideration Of Magistrate Judge's Order

Pursuant to Federal Rule of Civil Procedure 72(a), when reviewing a magistrate judge's order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  *See also* 28 U.S.C. § 636(b)(1)(A); L. R. 303.  The assigned district judge may also reconsider any matter sua sponte.  L.R. 303(g).

Under the clearly erroneous standard of review, a district court may overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'"  *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).  Under the contrary to law standard, a district court may conduct independent review of purely legal determinations by a magistrate judge.  *Id.*

### B.     Appointment Of Counsel

Plaintiff contends that he cannot adequately articulate his claims because CDCR failed to comply with an order compelling discovery.  Pl.'s Mot. 1, Doc. 161.  A review of the Court docket indicates that Plaintiff has demonstrated adequate ability to litigate this action, having filed several motions regarding his discovery issues.  Thus, Plaintiff's argument is unpersuasive.  Plaintiff has failed to demonstrate that the Magistrate Judge's order was contrary to law or clearly erroneous.  Accordingly, it is HEREBY ORDERED that Plaintiff's motion for reconsideration, filed March 22, 2012, is denied.

### C.     Documents Subject To Protective Order

Plaintiff contends that he needs immediate possession of the documents subject to the protective order.  Pl.'s Objection 1, Doc. 163.  Plaintiff contends that without possession of such documents, he will be unable to prepare for trial in this matter and will be substantially prejudiced.  *Id.*  However, it appears that Plaintiff may still review the documents in this matter.  Plaintiff is not prohibited from access to these documents for purposes of litigation.  Plaintiff's

Case 1:08-cv-00640-LJO-DLB   Document 168   Filed 04/13/12   Page 3 of 3

argument is unpersuasive.  Plaintiff has failed to demonstrate that the Magistrate Judge's order was contrary to law or clearly erroneous.  Accordingly, it is HEREBY ORDERED that Plaintiff's objection, filed March 28, 2012, is denied.

IT IS SO ORDERED.

**Dated:   April 13, 2012**                    /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE