# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>A. DUNNAHOE, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:08-cv-00640-LJO-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CITATION, SANCTIONS, AND DISPOSITIVE RELIEF<br>(DOC. 152)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AS MOOT (DOC. 164)<br><br>ORDER DIRECTING CDCR TO PROVIDE FURTHER RESPONSE<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. 155) |

    Plaintiff Garrison S. Johnson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Dunnahoe, V. Ybarra, Cunningham, Medrano, Holguin, Valasquez, G. Ybarra, Curliss, J. Gonzales, and K. Powell on claims of excessive force, inhumane conditions of confinement, retaliation, and state law claims.

    On March 9, 2011, the Court directed the United States Marshal to serve subpoenas duces tecum on CDCR and Matthew Stainer, acting warden of California Correctional Institution,

1

where the events giving rise to this action occurred.  CDCR and Mr. Stainer were to respond to the subpoenas.  Doc. 118.  On November 7, 2011, the Court granted Plaintiff's motion to compel against non-party CDCR to produce the documents.  Doc. 146.  On December 12, 2011, the Court granted CDCR's motion for a protective order in part.  Doc. 149.

Pending before the Court is Plaintiff's motion for sanctions against non-party CDCR, filed January 6, 2012.  Doc. 152.  CDCR filed a response to Plaintiff's motion on March 27, 2012.  Doc. 162.  On April 10, 2012, Plaintiff filed his reply.  Doc. 166.  Also pending is Plaintiff's motion for partial summary judgment against CDCR, filed January 20, 2012.  Doc. 155.  The matter is submitted pursuant to Local Rule 230(l).[1]

I.     **Motion For Sanctions**

Plaintiff seeks sanction against CDCR for alleged failure to obey the Court's subpoena. Plaintiff contends that CDCR failed to produce responsive documents as listed in the Court's December 12, 2011 Order.  Plaintiff seeks as sanction production of all documents listed in the subpoena duces tecum, or in the alternative enter default judgment against Defendants.[2]  Plaintiff also seeks an award of costs.

CDCR contends that it has responded to the subpoena duces tecum in full.  CDCR lists its responses to each subpoena request.[3]  The Court notes that CDCR did not have to respond to some requested documents listed in the subpoena, pursuant to the Court's December 11, 2011 Order.  They are included for the sake of clarity.

---

[1] Plaintiff also filed a motion for reconsideration of the Court's March 15, 2012 order, which required the CDCR to respond to Plaintiff's motion for sanction.  Doc. 160.  Plaintiff contends that the Court did not require CDCR to respond to all of Plaintiff's requests.  A review of Plaintiff's motion indicates that he was not clear as to what documents he sought production. Nonetheless, CDCR responded in full regarding all of the requested documents.  Thus, Plaintiff's motion for reconsideration, filed March 28, 2012, is denied as moot.

[2] The Court will not grant default judgment against Defendants for the conduct of a non-party.  *See* Fed. R. Civ. P. 55 (applying only to parties).

[3] CDCR filed a request for extension of time to provide responses to the subpoenas by January 12, 2012. The document was not properly filed as a motion. However, the Court would have granted an extension. Accordingly, CDCR's responses are deemed timely.

Request A1: "Production of all logs, documents, and electronically stored information in the Warden's possession and control relating to the dates and time Plaintiff was provided showers from March 17, 2007 through March 30, 2007."

CDCR contends that Plaintiff was provided with documentation regarding California Correctional Institution's policy regarding shower procedures. CDCR Resp. 3:23-4:5. CDCR contends that the only information as to whether an inmate has showered on a particular date is kept only in the inmate's central file, to which Plaintiff has access. *Id.*

Request A2: "Production of all CDCR policies, rules, regulations, documents, and electronically stored information in the Warden's possession and control that requires documenting whether the inmate showered or refused to shower."

CDCR contends that Plaintiff was provided with documentation regarding California Correctional Institution's ("CCI") policy regarding shower procedures. CDCR Resp. 4:11-20.

Request A3: "Any and all logs, documents, and electronically stored information in your possession and control that relates to all cell searches at CCI that reveal the dates Plaintiff's cell was searched when he was housed at Facility IVA Housing Unit 4 from January 1, 2006 through March 17, 2007."

The Court had found this request unduly burdensome and would not require CDCR to produce it. CDCR Resp. 4:26-5:3. CDCR contends that it responded to Document A3 by production of a March 11, 2007 record in response to Request A4. *Id.*

Request A4: "Any and all logs, documents and electronically stored information in your possession and control that reveals Defendant Dunnahoe was assigned in CCI to search Plaintiff's cell on March 11, 2007 at Facility IVA, Housing Unit 4, Cell #111."

CDCR contends that a sign-in/sign-out sheet dated March 11, 2007 and a cell search receipt dated March 11, 2007 were both produced for Plaintiff. CDCR Resp. 5:9-17.

Request A5: "Any and all logs, documents, and electronically stored information in your possession and control that pertains to Facility IVA being placed on emergency lockdown and/or modified program in CCI on March 17, 2007."

3

1    CDCR contends that Plaintiff was provided with a Program Status Report - Weekly
2 Status/Closure, with specific dates on which CCI IVA was on modified program.  CDCR Resp.
3 5:22-6:2.

4 Request A6:    Any and all logs, documents, and electronically stored information in your
5                possession and control that relate to two female correctional officers who were
6                assigned to Facility IVA Housing Unit 4 in CCI who filed complaints between
7                January 1, 2006 through February 28, 2007 requesting to be reassigned to another
8                position because the Facility IV second watch correctional officers were harassing
9                black inmates and/or causing problems with black inmates.

10    The Court denied Plaintiff's subpoena duces tecum with respect to this document.  Dec.
11 12, 2011 Order, Doc. 149.

12 Request A7:    Any and all logs, documents, and electronically stored information in your
13                possession and control that relate to the quantity of MK 9X pepper spray
14                Defendant B. Medrano's cannister contained on Plaintiff on March 17, 2007.

15 Request A8:    Any and all logs, documents, and electronically stored information in your
16                possession and control that relates to the amount of MK-9X pepper spray
17                Defendant B. Medrano utilized on Plaintiff on March 17, 2007.

18 Request A9:    Any and all logs, documents, and electronically stored information in your
19                possession and control that relates to the chemicals and ingredients that were in
20                Defendant Medrano's MK 9X OC pepper spray canister on March 17, 2007.

21 Request A10:   Any and all logs, documents, and electronically stored information in your
22                possession and control that relates to the quantity of MK 9X OC fogger pepper
23                spray that Defendant Velasquez's canister contained on Plaintiff on March 17,
24                2007.

25 Request A11:   Any and all logs, documents, and electronically stored information in your
26                possession and control that relates to the amount of MK 9X OC fogger pepper
27                spray that Defendant Velasquez utilized on Plaintiff on March 17, 2007.

28    CDCR contends that it provided Plaintiff with a 4-page document related t o the fogger

4

spray, which included descriptions of the product and handling.  CDCR Resp. 7:5-18.   All other documents could not be produced as they did not exist.  *Id.*

Request A12:  Provide Plaintiff with a copy of the video tape from the video camera in Facility IVA Housing Unit-4 that recorded the March 17, 2007 incident involving Plaintiff and Defendants.

      CDCR could not produce this video as no such video exists.  CDCR Resp. 7:22-26.

Request B1:  A certified copy of the CDCR training video that is used to show officers the effect pepper spray has on a person when someone is pepper sprayed in the eyes.

      CDCR could not find any responsive video.  CDR Resp. 8:3-6.

Request B2:  A certified written transcription of the CDCR training video that is used to show officers the effect pepper spray has on a person when someone is pepper sprayed in the eyes.

      CDCR could not find any responsive video, and thus could not produce any responsive transcript.  CDCR Resp. 8:10-12.

Request B3:  A certified copy of the CCI February 2, 2007 video tape of the I.S.T. briefing to CCI prison officials concerning a discussion of Plaintiff being the inmate who filed the lawsuit that mandates CDDCR to racially integrate the way it houses inmates.

      CDCR could not find any responsive video.  CDCR Resp. 8:17-20.  The only responsive document was the minutes related to this February 2, 2007 hearing, which were made available to Plaintiff.  *Id.*

      Plaintiff contends that he has not received minutes related to this February 2, 2007 hearing.  Pl.'s Reply, Doc. 166.  The Court cannot make a determination on this matter, as both parties have provided conflicting testimony.  Based on CDCR's submitted exhibits, William Adams, the custodian of records for Kern Valley State Prison, provided Plaintiff with time to review the produced documents.  CDCR Resp., Ex. A, Adams Decl. ¶ 5.  In Exhibit B, an email sent to Adams from Arica Bryant-Presinal, an attorney representing the CDCR in this matter, lists that there are no responsive documents to Request B3 or B4.  This contradicts CDCR's

5

response that minutes from the February 2, 2007 hearing were provided.  The Court will thus require that CDCR provide a further response regarding Requests B3 and B4.

Request B4:  A certified written transcription of the CCI February 2, 2007 I.S.T. briefing to CCI prison officials concerning a discussion of Plaintiff being the inmate who filed the lawsuit that mandates CDDCR to racially integrate the way it houses inmates.

CDCR could not find any responsive video, and thus could not produce any responsive transcript.  CDCR Resp. 8:25-27.  In CDCR's notice of deposit of documents, filed January 13, 2012, CDCR indicates that minutes from the February 2, 2007 hearing were produced for Plaintiff.  Doc. 153.

Request B5:  A certified copy of any and all complaints filed with the Office of Internal Affairs for the period of 2002-2007 by inmates or on behalf of inmates who were confined at CCI involving Defendants J. Dunnahoe, V. Ybarra, G. Ybarra, S. Cunningham, J. Gonzales, B. Medrano, A. Holguin, and J. Velasquez accusing them of the use of excessive force and/or beating and pepper spraying inmates.

CDCR conducted a reasonable inquiry and could not find responsive documents.  CDCR Resp. 8:28-9:1.

Request B6:  A certified copy of any and all complaints filed with the California Office of the Inspector General for the period of 2002-2007 by inmates or on behalf of inmates who were confined at CCI involving Defendants J. Dunnahoe, V. Ybarra, G. Ybarra, S. Cunningham, J. Gonzales, B. Medrano, A. Holguin, and J. Velasquez accusing them of subjecting inmates to the use of excessive force and/or beating and pepper spraying inmates.

Request B7:  A certified copy of any and all documents and electronically stored information of investigative and findings reports by the California Inspector General's Office relating to complaints filed by inmates in CCI involving Defendants J. Dunnahoe, V. Ybarra, G. Ybarra, S. Cunningham, J. Gonzales, B. Medrano, A. Holguin, and J. Velasquez accusing them of subjecting inmates to the use of excessive force and/or beating and pepper spraying them as well as being placed in administrative

1  segregation on false charges of battery on a peace officer for the period of 2002-
2  2007.
3  CDCR was not required to produce responsive documents to Requests B6 and B7. Dec.
4  12, 2011 Order, Doc. 149.
5  Based on CDCR's responses, the Court finds that CDCR has adequately responded to the
6  subpoena, with the exception of Requests B3 and B4. As to the other documents, CDCR
7  provided responsive documents when available, and provided responses as to which documents
8  were not available, and the reasons for the document's unavailability.
9  The Court declines to issue any sanctions in the matter at this time. However, CDCR will
10 be required to provide further response with regards to Requests B3 and B4.

11 **II.    January 20, 2012 Motion**

12  On January 20, 2012, Plaintiff filed a motion seeking partial summary judgment against
13 CDCR, a non-party in this action, for alleged non-compliance with a subpoena duces tecum.
14 Doc. 155. Plaintiff moves for judgment with respect to liability against Defendants, and seeks an
15 award of costs as sanction. *Id.* First, Plaintiff's motion is untimely. The dispositive motion
16 deadline was November 22, 2010. July 30, 2010 Order, Doc. 81. Second, the Court cannot grant
17 summary judgment against a non-party, and will not grant summary judgment against a party for
18 the actions of a non-party. Though Defendants are or were employed by CDCR, that does not
19 make CDCR a party in this action, and CDCR's actions are not Defendants' actions.

20 **III.   Conclusion And Order**

21  Based on the foregoing, it is HEREBY ORDERED that:
22  1.   Plaintiff's motion for sanctions and dispositive relief, filed January 6, 2012, is
23       denied;
24  2.   Plaintiff's motion for reconsideration, filed March 28, 2012, is denied as moot;
25  3.   Plaintiff's motion for partial summary judgment, filed January 20, 2012, is
26       denied; and
27 ///
28 ///

4.   CDCR is required to provide further response regarding minutes for the February 2, 2007 hearing, as stated in this order.  CDCR is provided fourteen (14) days from the date of service of this order in which to file and serve a response.  Failure to do so may be construed as contempt of court and subject CDCR to sanction.

IT IS SO ORDERED.

Dated:   **April 24, 2012**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE