# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>                    Plaintiff,<br><br>         v.<br><br>JONH DOVEY, et al.,<br><br>                    Defendants.<br>_____/ | CASE NO. 1:08-cv-00640-LJO-DLB PC<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR CDCR TO PRODUCE DOCUMENT<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR INJUNCTION BE DENIED<br><br>(DOC. 173) |

## I.   Background

Plaintiff Garrison S. Johnson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Dunnahoe, V. Ybarra, Cunningham, Medrano, Holguin, Valasquez, G. Ybarra, Curliss, J. Gonzales, and K. Powell on claims of excessive force, inhumane conditions of confinement, retaliation, and state law claims.

On January 6, 2012, Plaintiff filed a motion for sanctions against non-party CDCR regarding subpoenas duces tecum. On April 24, 2012, the Court ordered non-party CDCR to provide further response regarding Request B3 from the subpoena, a certified copy of the California Correctional Institution ("CCI") February 2, 2007 video tape of the IST briefing concerning a discussion of Plaintiff being the inmate who filed the lawsuit regarding racial integration. Request B4 concerns a transcript of this hearing. CDCR responded that there was no video, and thus no transcript, but there were minutes related to this briefing, which CDCR claims

to have provided.  Plaintiff maintains that he never received the minutes for this briefing.

On May 4, 2012, in response to the Court's April 24, 2012 Order, CDCR responded by stating that it had fully complied with the subpoena.  Doc. 172.   CDCR now contends that there is nothing to produce because the discovery request was for video, of which no video exists. CDCR refuses to produce the minutes, because the request was only for video of the briefing or the transcript of the video.  Pending before the Court is Plaintiff's motion, filed May 18, 2012. Doc. 173.  Plaintiff moves for the production of the minutes.  Plaintiff also moves for a court order that the warden of Kern Valley State Prison ("KVSP"), where Plaintiff is incarcerated, to provide Plaintiff with regular access to the law library.  The matter is submitted without oral argument.

**II.    Subpoena Duces Tecum**

Plaintiff's previous requests in the subpoena duces tecum specifically listed video and a transcript of the video for a February 2, 2007 briefing at CCI.  CDCR contends that no video exists, only minutes of the briefing.  CDCR, however, contends that it is under no obligation to provide the minutes because the subpoena requested production of video or a transcript of the video.

In the interest of justice, the Court will grant Plaintiff leave to file a request that the Court to issue a subpoena duces tecum directed to the warden of the California Correctional Institution to produce for Plaintiff the minutes of the February 2, 2007 I.S.T. hearing.  Once Plaintiff files his request, the Court will direct the United States Marshal to effect personal service of the subpoena on the warden of CCI.

**III.    Court Order For KVSP Warden**

Plaintiff moves for an order directing the warden of KVSP to provide Plaintiff with access to the prison legal library once a week until the conclusion of this case.  Plaintiff contends that his current job assignment is from 6:00 a.m. to 2:00 p.m., Monday through Friday.  The prison legal library is only open from 8:00 a.m. to 2:30 p.m., Monday through Friday, because of a staff shortage.  The Court will treat the motion as one for preliminary injunction.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

2

the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471(1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1983); *see* Fed. R. Civ. P. 65(d) (listing persons bound by injunction).

Plaintiff's action concerns conduct by Defendants at CCI. The warden of KVSP is not a party to this action. The Court thus lacks jurisdiction.

**IV.  Conclusion**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted leave to file a request for a subpoena duces tecum to be served on the warden of CCI, requesting the production of minutes from a February 2, 2007 I.S.T. briefing, during which Plaintiff was allegedly discussed; and

2. Plaintiff is granted **twenty (20) days** from the date of service of this order in which to file this request. Failure to timely file will result in denial of the opportunity to file this request.

It is further HEREBY RECOMMENDED that Plaintiff's motion for a court order directing the warden of CCI to provide Plaintiff with access to the prison legal library be denied.

These Findings and Recommendations will be submitted to the United States District

3

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may respond to another party's objections by filing a response within fourteen (14) days from the date of service of a party's objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 13, 2012**                    /s/ **Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE