# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON, | CASE NO. 1:08-cv-00640-LJO-DLB PC |
| Plaintiff, | ORDER DENYING CDCR'S MOTION FOR RECONSIDERATION AS MOOT |
| v. | (ECF No. 182) |
| JOHN DOVEY, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff Garrison S. Johnson ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Dunnahoe, V. Ybarra, Cunningham, Medrano, Holguin, Valasquez, G.Ybarra, Curliss, J. Gonzales, and K. Powell on claims of excessive force, inhumane conditions of confinement, retaliation, and state law claims. On June 14, 2012, the United States Magistrate Judge assigned to this action issued a Findings and Recommendations recommending that Plaintiff's motion for the Court to order access to the law library be denied. ECF No. 174. The Magistrate Judge also issued an order that Plaintiff be granted leave to submit a request for a subpoena duces tecum. On June 25, 2012, CDCR, a non-party to this action, filed a document purporting to be objections to the Findings and Recommendations. ECF No. 176. However, CDCR objected only to the Magistrate Judge's order, not to the Findings and Recommendations. On August 21, 2012, the Court adopted the Findings and Recommendations and denied Plaintiff's motion requesting a court order for access to the law library. ECF No. 180. Pending

1   before the Court is CDCR's motion for reconsideration, filed August 24, 2012.  ECF No. 182.

2        Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court.

3   The Rule permits a district court to relieve a party from a final order or judgment on grounds of:

4   "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party,

5   . . . or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  The motion for

6   reconsideration must be made within a reasonable time.  *Id.*

7        "A motion for reconsideration should not be granted, absent highly unusual

8   circumstances, unless the district court is presented with newly discovered evidence, committed

9   clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to

10  raise arguments or present evidence for the first time when they could reasonably have been

11  raised earlier in the litigation."  *Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571

12  F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citation omitted) (emphasis in

13  original).

14       CDCR has not presented grounds for reconsideration.  The time period for objections

15  provided in the Magistrate Judge's Findings and Recommendations pertained to Plaintiff's

16  motion for a court order requesting access to the law library.  The objections raised by CDCR

17  pertain only to the Magistrate Judge's order regarding issuance of a subpoena duces tecum.  A

18  United States Magistrate Judge's duties includes all discovery matters in this Court.  *See* L.R.

19  302(c)(1).  CDCR's objections were irrelevant to the adjudication of the Findings and

20  Recommendations.

21       Though not raised by CDCR, to the extent that CDCR may have filed objections to the

22  Magistrate Judge's order, not the Findings and Recommendations, CDCR fails to present

23  grounds for reconsideration.  *See* Fed. R. Civ. P. 72(a) (providing fourteen-day objection period

24  for magistrate judge's orders).  Pursuant to Federal Rule of Civil Procedure 72(a), when

25  reviewing a magistrate judge's order, "[t]he district judge in the case must consider timely

26  objections and modify or set aside any part of the order that is clearly erroneous or is contrary to

27  law."  *See also* 28 U.S.C. § 636(b)(1)(A); L. R. 303.  The assigned district judge may also

28  reconsider any matter sua sponte.  L.R. 303(g).

Under the clearly erroneous standard of review, a district court may overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'"  *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).  Under the contrary to law standard, a district court may conduct independent review of purely legal determinations by a magistrate judge.  *Id.*

CDCR fails to raise issues that merit reconsideration.  CDCR challenges only the Court's ruling that CDCR did not object to the Findings and Recommendations, which was explained above.[1]

Accordingly, it is HEREBY ORDERED that CDCR's motion for reconsideration, filed August 24, 2012, is denied.

IT IS SO ORDERED.

**Dated:    August 27, 2012**            **/s/ Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE

---

[1]CDCR's concerns in its objections were addressed.  On August 22, 2012, the United States Magistrate Judge issued an order addressing CDCR's objections.  ECF No. 181.