UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON, | CASE NO. 1:08-cv-00640-LJO-DLB PC |
| Plaintiff, | ORDER REGARDING MOTIONS AND PRETRIAL STATEMENTS |
| v. | ECF Nos. 193, 194, 195, 196, 198, 199, 209, 211 |
| A. DUNNAHOE, et al., | |
| Defendants. | |

Plaintiff Garrison S. Johnson is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint, filed May 8, 2008, against Defendants A. Dunnahoe, V. Ybarra, G. Ybarra, S. Cunningham, Powell, Curliss, Velasquez, Medrano, Holguin, and J. Gonzales for claims of excessive force, inhumane conditions of confinement, deliberate indifference to a serious medical need, retaliation, and state law claims.

Plaintiff and Defendants have raised several issues which will be addressed by this order.

**I.     Motions For Attendance of Incarcerated Witnesses (ECF Nos. 194, 195, 198, 199)**

Plaintiff filed 4 motions for the attendance of incarcerated witnesses.

**ECF No. 194** - McCLelland, CDCR No. H-90822[1] - Inmate McClelland allegedly witnessed Plaintiff being beaten by Defendants Dunnahoe and V. Ybarra from his cell door and pepper sprayed.

---

[1] Plaintiff listed a CDCR Number of H-90322, which does not appear in CDCR database. However, Brian McClelland, CDCR Number H-90822 does appear. The Court presumes this was a typographical error by Plaintiff.

Plaintiff does not believe he will testify voluntarily.  This motion will be granted.

**ECF No. 195** - McCoy, CDCR No. J-93313- Inmate McCoy allegedly witnessed Plaintiff being beaten by Defendants Dunnahoe and V. Ybarra from his cell door and pepper sprayed.  Plaintiff does **not** believe he will testify voluntarily.  This motion will be granted.

**ECF No. 198** - Oddis Cole, CDCR No. K-43562 - Inmate Cole allegedly witnessed Plaintiff being beaten by Defendants Dunnahoe and V. Ybarra from his cell door and pepper sprayed.  Plaintiff does believe he will testify voluntarily.  This motion will be granted.

**ECF No. 199** - Kittren Murphy, CDCR No. T-37622; CDCR No. R. Didur, P-01719; CDCR No. Matthew J. Shepard, V-56465; CDCR No. Timothy Risley, E-88711

Plaintiff contends that they will testify that they were falsely charged with rules violation reports, and that excessive force was used against them because they had complained about misconduct.  Plaintiff contends that this would show a pattern and practice by all correctional officers at CCI to assault inmates who filed complaints.

Defendants oppose this motion, arguing that the correctional officers who allegedly wrote false rules violation reports and used excessive force against these four inmates are not officers in this action.  Defendants contend that the testimony of Murphy, Didur, Shepard, and Risley would be irrelevant.

The Court agrees with Defendants' argument.  This motion will be denied.

**II.    Subpoenas for Attendance of Unincarcerated Witnesses**

By court order on November 21, 2012, Plaintiff was informed that the deadline for the submission of money orders for the attendance of unincarcerated witnesses is **February 1, 2013**.  No subpoenas will be issued if a money order is not received by that date.

**III.   Motion For Certified Documents (ECF No. 196)**

Plaintiff moves for an order directing the acting warden of California Correctional Institution to provide certified copies of Plaintiff's documents for use at trial.  This request is unwarranted, and the Court lacks the authority to order such certification.  This motion will be denied.

//

**IV.      Plaintiff's Pretrial Statement - Exhibits - Pepper Spray Canisters (ECF No. 193)**

Plaintiff requests that pepper spray canisters like the ones allegedly used on Plaintiff be brought to Court as exhibits. The pepper spray canisters can be verbally described. There is no need for the canisters to be physically present. Additionally, for security reasons, the Court will not allow the canisters to be present in the courtroom. This request will be denied.

**V.       Plaintiff's State Law Claims (ECF No. 209)**

Plaintiff raises several state law claims which will be addressed.

**A.      Professional Negligence**

Plaintiff contends professional negligence by Defendants Dunnahoe, V. Ybarra, G. Ybarra, Holguin, Curliss, Medrano, Velasquez, Cunningham, and Gonzales. This claim generally requires the presentation of expert testimony for the standard of care. *In re Daisy Systems Corp.*, 97 F.3d 1171, 1175 (9th Cir. 1996). Plaintiff has listed no expert witness to testify as to the standard of care. Accordingly, this claim is dismissed.

**B.      Medical Negligence**

Plaintiff contends medical negligence by Defendant Powell. This claim generally requires the presentation of expert testimony for the standard of care. *Massey v. Mercy Med. Ctr. Redding*, 180 Cal. App. 4th 690, 694 (2009). Plaintiff has listed no expert witness to testify as to the standard of care. Accordingly, this claim is dismissed.

**C.      Fraud and Negligent Misrepresentation**

Plaintiff contends that Defendants Dunnahoe, V. Ybarra, and Holguin committed fraud or negligent misrepresentation. Plaintiff alleges that Defendants Dunnahoe and V. Ybarra told Plaintiff that they were going to search his cell. They instead they placed Plaintiff in handcuffs, slammed him to the ground, and hit him with a baton. Plaintiff contends that if he had known what would have happened, he would have stayed in his cell.

Later, after Plaintiff was placed in a holding cell, he was ordered by Defendant Holguin to put his hands through the food port to take the handcuffs off. However, Defendant Holguin then began to bend Plaintiff's wrists and squeeze the handcuffs tightly. Plaintiff contends that if he had known what would have happened, he would not have put his hands through the food port.

The elements of fraud that will give rise to a tort action for deceit are: (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage. *Engall v. Permanente Medical Group, Inc.*, 15 Cal. 4th 1807, 1816 (1996) (quotations and citations omitted). Here, the alleged misrepresentation did not cause the harm to Plaintiff. The harm alleged was caused by the use of force, not the misrepresentation. Accordingly, this claim will be dismissed.

### VI. Defendants' Pretrial Statement - Stipulation (ECF No. 211)

In their pretrial statement, Defendants stipulate that they acted under color of law at all times relevant to this action. The Court accepts this stipulation.

### VII. Conclusion and Order

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motions for the attendance of incarcerated witnesses McClelland, McCoy, and Cole are granted;

2. Plaintiff's motion for the attendance of incarcerated witnesses Murphy, Didur, Shepard, and Risley is denied;

3. Plaintiff's motion for certified documents is denied;

4. Plaintiff's request for pepper spray canisters for use as exhibits during trial is denied;

5. Plaintiff's state law claims for professional negligence, medical negligence, fraud and negligent misrepresentation are dismissed; and

6. Defendants stipulate to acting under color of law at all times relevant to this action.

IT IS SO ORDERED.

Dated:   **January 31, 2013**          /s/  Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE