# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON, | Case No. 1:08-cv-00640-LJO-DLB PC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND INDEPENDENT EXPERT** |
| v. | |
| A. DUNNAHOE, et al., | ECF No. 201 |
| Defendants. | |

Plaintiff Garrison S. Johnson ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Dunnahoe, V. Ybarra, Cunningham, Medrano, Holguin, Valasquez, G.Ybarra, Curliss, J. Gonzales, and K. Powell on claims of excessive force, inhumane conditions of confinement, retaliation, and state law claims. This matter is set for telephonic trial confirmation hearing on February 1, 2013 and jury trial on March 5, 2013 before United States District Judge Lawrence J. O'Neill.

On November 16, 2012, Plaintiff filed a motion for appointment of counsel and appointment of an independent expert. ECF No. 201. On December 3, 2012, Defendants filed their opposition. ECF No. 207. On December 14, 2012, Plaintiff filed his reply. ECF No. 208. The matter is submitted pursuant to Local Rule 230(l). The Court will address each matter separately.

I. **Appointment of Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v.*

*Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this stage in the proceedings, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. *Id.* Accordingly, Plaintiff's motion for appointment of counsel is denied.

**II.     Appointment of Independent Expert**

Plaintiff moves for the appointment of an independent expert. Plaintiff contends that an independent expert is necessary regarding Defendant Powell's alleged failure to properly examine Plaintiff after he had been handcuffed tightly and pepper sprayed. Plaintiff contends that a medical expert is necessary to describe the standard of care Defendant Powell was supposed to provide but did not, in support of Plaintiff's deliberate indifference claim and his medical negligence claim.

Defendants contend that Plaintiff's motion for appointment of an independent expert is unnecessary. Defendants contend that this action is against only one nurse who allegedly failed to provide him with immediate medical care after the alleged excessive force incident. Defendants contend that Plaintiff may call other medical personnel from whom he obtained treatment as witnesses. Plaintiff contends that the other treating medical personnel are CDCR employees and would be biased against Plaintiff.

An expert witness may testify to help the trier of fact determine the evidence or a fact at issue. Fed. R. Evid. 702.  Federal courts have discretion to appoint expert witnesses, and parties may provide names of which witnesses to appoint.  Fed. R. Evid. 706(a),(d); *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999).  A court may appoint an expert witness when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue." Fed. R. Evid. 702.  Expert witnesses should not be appointed where they are not necessary or significantly useful for the trier of fact to comprehend a material issue in a case. *Gorton v. Todd*, 793 F. Supp. 2d 1171, 1181 (E.D. Cal. 2011).

The Court finds that the appointment of a medical expert witness is unnecessary in this action. Plaintiff's claims against Defendant Nurse Powell concern whether Defendant Powell provided sufficient care for Plaintiff after the alleged excessive force incident. The Court does not find that specialized knowledge is necessary to evaluate whether Defendant Powell violated Plaintiff's Eighth Amendment rights or acted in a negligent manner. Accordingly, Plaintiff's motion for appointment of independent expert is denied.

IT IS SO ORDERED.

Dated:   **January 30, 2013**                    /s/ *Dennis L. Beck*
                                                 UNITED STATES MAGISTRATE JUDGE