1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON, | 1:08cv00640 LJO DLB PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTIONS IN LIMINE |
| v. | |
| A. DUNNAHOE, et al., | (Document 225) |
| Defendants. | |

_____/

## I.      INTRODUCTION

Plaintiff Garrison S. Johnson ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This case is proceeding on Plaintiff's complaint, filed on May 8, 2008, against Defendants A. Dunnahoe, V. Ybarra, G. Ybarra, S. Cunningham, K. Powell, R. Curliss, J. Velasquez, B. Medrano, A. Holguin, and J. Gonzales for claims of excessive force, inhumane conditions of confinement, deliberate indifference to a serious medical need, retaliation, and state law claims.  This matter is set for jury trial on March 13, 2013.

Pending before the Court are Defendants' motions in limine, filed on February 11, 2013. Plaintiff filed an opposition on February 27, 2013.

## II.      DISCUSSION

A.      Motion to Exclude Plaintiff's Exhibits P through V

Defendants move to exclude letters and declarations of various inmates, identified as Plaintiff's exhibits P through V in the Pretrial Order.  Defendants contend that the exhibits are unauthenticated, inadmissible hearsay and irrelevant.  Plaintiff indicates that he only opposes the motion as to the letter of Inmate Cole (Pretrial Order Ex. R; Plaintiff's Ex. PX-G1) and that he does not intend to offer the remaining declarations as exhibits at trial.  Inmate Cole is being

1

1  transported to trial to testify on Plaintiff's behalf.

2  　　　Inmate Cole's letter was written to Plaintiff's mother setting forth his account of the

3  incident at issue.  Plaintiff states that he will have Inmate Cole testify that he wrote a letter to

4  Plaintiff's motion telling her what happened on March 17, 2007.  The exhibit is a copy of the

5  original letter, which Plaintiff states his mother lost.  Plaintiff believes that Cole can authenticate

6  the letter and he will offer a copy under the best evidence rule.

7  　　　Regardless of whether Cole can authenticate the letter, the letter is hearsay, as it is an out-

8  of-court statement Plaintiff intends to offer for the truth of the matter asserted.  Fed. R. Evid.

9  801.  Cole will be testifying at trial and Plaintiff can question him directly on what he saw or

10  heard.  See Fed. R. Evid. 804(a) (hearsay exception where declarant unavailable).

11  　　　Therefore, Inmate Cole's letter is inadmissible and Defendants' motion to exclude it is

12  GRANTED.

13  　　　B.　　Motion to Exclude Evidence of Defendant Medrano's Prior Lawsuit

14  　　　Defendants move to exclude evidence that Defendant Medrano has been sued by other

15  inmates for claims of excessive force and filing a false report.  The evidence at issue is

16  Medrano's response to Interrogatory Number 13 (included in Plaintiff's Ex. PX-T1 and PX-U1).

17  　　　Plaintiff does not oppose this motion and it is therefore GRANTED.

18  　　　C.　　Motion to Exclude Medical Testimony by Plaintiff

19  　　　Finally, Defendants seek to exclude medical testimony by Plaintiff.  Defendants anticipate

20  that Plaintiff will opine about the reasons that some of his medical providers prescribed

21  medications.  Defendants agree that Plaintiff can offer the authenticated CDCR medical records

22  into evidence, but argue that Plaintiff lacks the qualification to opine about reasons for treatment.

23  　　　In opposition, Plaintiff states that he will testify that on March 23, 2007, he told a medical

24  practitioner that he was pepper sprayed and hit on the left eye on March 17, 2007.  He will also

25  testify that the medical practitioner told him that she was giving him Tobradex solution for his

26  eyes and that his visual field on the eye chart was 20/70.  Plaintiff believes that this testimony is

27  exempted from hearsay and permissible as lay witness opinion testimony.

28  　　　"If a witness is not testifying as an expert, testimony in the form of an opinion is limited

to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

As a non-expert witness, Plaintiff may testify as to what he saw or felt relating to his medical needs or condition.  However, he may not testify as to any medical matter which requires scientific, technical, or other specialized knowledge.  This generally includes any ultimate diagnosis, cause and effect relationships, and/or interpretation of medical records.  Fed. R. Evid. 702.

Therefore, Defendants' motion is GRANTED insofar as Plaintiff may not testify on matters which are within the purview of a medical expert.  This includes testimony as to why his medical providers prescribed treatment and/or causation between treatment and Plaintiff's injuries.

**III.   <u>ORDER</u>**[1]

For the reasons set forth above, Defendants' motions in limine, filed on February 11, 2013, are HEREBY GRANTED as follows:

1.      Letter written by Inmate Cole- Plaintiff's Exhibit PX-G1;

2.      Defendant Medrano's Response to Interrogatory Number 13- part of Plaintiff's Exhibits PX-T1 and PX-U1; and

3.      Plaintiff may not testify on matters which are within the purview of a medical

IT IS SO ORDERED.

**Dated:   <u>March 4, 2013</u>            <u>/s/  Lawrence J. O'Neill</u>**
                                    UNITED STATES DISTRICT JUDGE

---

[1] Defendants also reserve their right to dispute certain exhibits because they had not yet received them from Plaintiff at the time of filing.  The exhibits, as listed in the Pretrial Order, are Exhibits I, K, L, M, N and O.  It appears from a review of Plaintiff's exhibits that only Exhibit I (an IGI property receipt dated 10/2/6), is included in Plaintiff's exhibits.  The receipt is part of Plaintiff's Exhibit PX-J1.