# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>       Plaintiff,<br><br>   v.<br><br>DOVEY, et al.,<br><br>       Defendants. | Case No. 1:08-cv-00640 LJO DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Document 264) |

Plaintiff Garrison S. Johnson ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. On March 14, 2013, a jury returned a verdict in favor of Defendants and judgment was entered on March 19, 2013.

On March 27, 2013, Plaintiff filed a Motion for Reconsideration. Defendants opposed the motion on April 2, 2013, and Plaintiff filed his reply on April 18, 2013. The motion is deemed submitted pursuant to Local Rule 230(l).

**A.    RELEVANT BACKGROUND**

Pursuant to the August 30, 2012, Second Scheduling Order, this action was set to proceed to trial against Defendants Dunnahoe, V. Ybarra, Cunningham, Medrano, Holguin, Velasquez, G.Ybarra, Curliss, J. Gonzales, and K. Powell on claims of excessive force, inhumane conditions of confinement, retaliation and state law claims.

On March 6, 2013, the parties filed a stipulation to dismiss Defendant Powell. On March 14, 2013, the Court granted the stipulation and Defendant Powell was dismissed from this action, with prejudice, prior to the start of trial. On March 14, 2013, a jury returned a verdict in favor of the remaining Defendants and judgment was entered on March 19, 2013.

On March 27, 2013, Plaintiff filed the instant Motion for Reconsideration, seeking to set aside the Court's acceptance of the stipulation dismissing Defendant Powell pursuant to Federal Rule of Civil Procedure 60(b). He also requests a new trial on (1) his state and federal claims against Defendant Powell; and (2) his Eighth Amendment claim against Defendants Curliss and Gonzalez, pursuant to Rule 59(e).

**B.    LEGAL STANDARD**

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp. 1003, 1009 (C.D.Cal.1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir.1986); Keyes v. National R.R. Passenger Corp., 766 F.Supp. 277, 280 (E.D.Pa.1991). These holdings "reflect[ ] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F.Supp. at 1009.

Under Rule 60(b), a party may move for relief from judgment on the following grounds: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged ... or (6) any other reason that justifies relief."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations and citations omitted). In

seeking reconsideration, a party "must show more than a disagreement with the Court's decision," and recapitulating arguments the court has previously considered "fails to carry the moving party's burden)." United States v. Westlands Water District, 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001) (internal quotation/citation omitted).

## C.    ANALYSIS

Plaintiff contends that on March 5, 2013, Defendants' counsel informed him that Defendant Powell could not travel to Court because of a disability. Plaintiff told counsel that he would stipulate to dismiss her so long as Defendants Curliss and Gonzalez did not testify that Powell instructed them how to decontaminate Plaintiff after the pepper-spray exposure. This agreement was set forth in a letter from counsel dated March 6, 2013. Paul Decl. Ex. A. Plaintiff signed the stipulation on March 6, 2013.

Plaintiff argues that on March 14, 2013, either Defendant Curliss or Gonzalez testified "that Plaintiff's decontamination of pepper spray was cleared by medical staff." Mot. 4. Plaintiff contends that Defendant Powell was the "medical staff" that cleared the decontamination and therefore the testify "implies" that Powell instructed Gonzalez and Curtiss in their decontamination. Plaintiff believes that this testimony was prejudicial to his Eighth Amendment claim and resulted in an unfair trial. He believes that a new trial will not prejudice Defendants.

As a threshold issue, the Court does not agree with Defendants' assertion that this Court lacks jurisdiction to reconsider the order dismissing Defendant Powell. Defendants, citing Rule 54(b), argue that the Court lost jurisdiction to reconsider its order upon entry of judgment. Rule 54(b), however, is applicable *prior* to the entry of judgment. Once judgment has been entered, Rule 60(b) applies and guides this Court's analysis.

In any event, Plaintiff's recent conclusion that he erred in dismissing Defendant Powell does not warrant reconsideration of the dismissal order. To the extent that he believes that Defendant Curliss and/or Gonzalez violated the terms of the stipulation, he is incorrect. Plaintiff and counsel agreed that neither Curliss nor Gonzalez would testify "that they were instructed by Nurse Powell as to how plaintiff should be decontaminated following his exposure to pepper spray." Paul Decl. ¶ 5,

3

Ex. A. Testimony that medical staff, i.e., Nurse Powell, cleared Plaintiff for rehousing does not support an inference that she *instructed* them on how to decontaminate him.

Furthermore, insofar as Plaintiff suggests that counsel committed "manifest injustice" in persuading Plaintiff to dismiss Defendant Powell, his argument is unavailing. Plaintiff states that counsel told him that a jury would be more favorable to Powell because of her disability, and that the Court would likely grant a pretrial motion for her dismissal. Plaintiff explains that after the verdict, he spoke with his Inmate Legal Coach, who told him that the Court would have denied Defendants' trial brief motion and that he should not have dismissed Powell. Plaintiff now characterizes counsel's statements as misconduct, and contends that but for this misconduct, he would not have agreed to dismiss her.

While Plaintiff retrospectively believes that this led to his decision, it does not transform counsel's arguments into misconduct under 60(b)(3). "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 880 (9th Cir.2000) (citing Lafarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1338 (9th Cir.1986); Jones v. Aero/Chem Corp., 921 F.2d 875, 878–79 (9th Cir.1990)). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained...." De Saracho, 206 F.3d at 880.

Plaintiff's belief that he was improperly induced into dismissing Defendant Powell does not meet his burden of producing clear and convincing evidence. The Court recognizes that Plaintiff is proceeding pro se, but his alleged reliance on counsel's statements does not logically lead to a conclusion that the judgment was unfairly obtained.

Plaintiff's Motion is therefore DENIED.

IT IS SO ORDERED.

Dated:   **September 16, 2013**            /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE

4