1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GARRISON S. JOHNSON,

           Plaintiff

      v.

JOHN DOVEY, et al.,

           Defendants.

CASE No. 1:08-cv-00640-LJO-DLB PC

ORDER DENYING PLAINTIFF'S MOTION FOR COUNSEL AND EXPERT

(ECF No. 275)

Plaintiff Garrison S. Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action was filed on May 8, 2008. (ECF No. 1.) On March 19, 2013, the Court entered Judgment in favor of Defendants. (ECF No. 262.) This action is currently on appeal with the Ninth Circuit. (ECF No. 272.) On September 30, 2013, Plaintiff filed a motion for the appointment of counsel and an independent expert. (ECF No. 275.)

Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. *Palmer,* 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer* at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted);

1  *Wilborn*, 789 F.2d at 1331.

2  In the present case, the Court does not find the required exceptional circumstances exist at

3  this time.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made

4  serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The

5  Court is faced with similar cases almost daily.

6  As to Plaintiff's request for an expert, while the Court has the discretion to appoint an

7  expert and to apportion costs, including the apportionment of costs to one side, Fed. R. Evid. 706;

8  *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002);

9  *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir.

10  1999), where the cost would likely be apportioned to the government, the Court should exercise

11  caution.  The Court's docket is comprised of an overwhelming number of civil rights cases filed

12  by prisoners proceeding pro se and in forma pauperis, and the facts of this case are no more

13  extraordinary and the legal issues involved no more complex than those found in the majority of

14  the cases now pending before the Court.  *Wilds v. Gines*, No. C 08-03348 CW (PR), 2011 WL

15  737616, at *4 (N.D. Cal. Feb. 23, 2011); *Honeycutt v. Snider*, No. 3:11-cv-00393-RJC (WGC),

16  2011 WL 6301429, at *1 (D. Nev. Dec. 16, 2011) ("The appointment of experts in deliberate

17  indifference cases is rare, and such requests should be granted sparingly, particularly given the

18  large volume of cases in which indigent prisoners allege claims under the Eighth Amendment

19  related to medical care, and the substantial expense defendants may have to bear if courts were to

20  appoint experts in such cases.")  In the present case, the Court does not find the required

21  exceptional circumstances exist at this time to appoint an independent expert.

22  Accordingly, it is HEREBY ORDERED that Plaintiff's September 30, 2013 motion for the

23  appointment of counsel and independent expert is DENIED.

24

25  IT IS SO ORDERED.

26  Dated:   **October 4, 2013**              /s/ *Dennis L. Beck*

27                                    UNITED STATES MAGISTRATE JUDGE

28

2